Merrimack,
No. 4644.

BI-RITE, INC. *v.* CONCORD.

Argued March 5, 1958.
Decided April 24, 1958.

*Robert V. Johnson* and *Richard P. Brouillard* (*Mr. Johnson* orally), for the plaintiff.

*Atlee F. Zellers* and *Daniel E. Donovan, Jr.,* city solicitors (*Mr. Donovan* orally), for the defendant.

LAMPRON, J. Stock in trade of merchants and shopkeepers employed in their trade or business constitutes personal estate liable to be taxed. RSA 72:15 I. If such stock in trade is the property of a corporation it "shall be taxed to the corporation . . . in the town in which it is located." RSA 73:3; *Woodsum Steamboat Co.* v. *Sunapee,* 74 N. H. 495, 496.

If the owner, individual or corporation, is engaged in business on April 1 it is assessed not on the amount of stock in trade on hand on that date but upon the average amount employed in the trade or business during the year. *Bemis &c. Bag Co.* v. *Claremont,* 98 N. H. 446, 450. "The taxable value being determined by competent evidence accessible April 1, the validity of the tax is not affected by the destruction or abandonment of the business later in the year." *Conn. Valley Lumber Co.* v. *Monroe,* 71 N. H. 473, 477.

If however, operation of the business did not start until after April 1, as is the case here, the question arises whether the owner can be taxed on its stock in trade for the period of the tax year in which it was engaged in business, that is, from December 12, 1956, to March 31, 1957. *Saidel* v. *Felsher,* 83 N. H. 582. Any affirmative answer must be based on a declared intent of the Legislature. *Public Service Co.* v. *State,* 101 N. H. 154.

RSA 73:5 provides that "any person going into any town in this state, and taking with him any property upon which a tax has not been assessed and paid elsewhere in this state for that year, and doing business therein with such property after April first and before December thirty-first of any year, shall be taxed on such property in such town as in the cases of persons who have escaped

taxation." RSA ch. 73 as a whole shows a legislative intent that all taxable property in New Hampshire be taxed to someone somewhere but that it be not subjected to double taxation. Section 5 is part of that over-all purpose. It is intended to prevent personal property, such as stock in trade used in a business which was not operating on April 1 of a particular year, from escaping taxation when it is used in the operation of a business "after April first and before December thirty-first."

Said section 5 does not reveal a legislative will to exempt any property from its provisions because of the legal form under which the business involved is conducted. We know of no reason why the Legislature should enact a law to prevent the property of an individual from escaping taxation and permit the same type of property because owned by a corporation to be free from taxation under the same circumstances. Contrary to plaintiff's contention we are of the opinion that the word "person" in said section 5 was intended to "extend and be applied to bodies corporate . . . as well as to individuals." RSA 21:9.

Plaintiff also argues that if said section 5 is held to apply to it a discriminatory effect will result because the average value for the preceding year is evidence of the value of the stock in trade to be assessed on April first. *Conn. Valley Lumber Co.* v. *Monroe, supra.* We see no such result. The tax to be assessed on April 1 must be based on the average value of the stock in trade employed in the business. RSA 72:15 I. The average value of the stock in trade for the preceding year although evidence thereof is not conclusive of such value.

Plaintiff's stock in trade was therefore taxable for the tax year 1956 and there being no dispute as to the method or amount of valuation or as to the amount of the tax due there is no ground for abatement. The order must be

*Petition dismissed.*

All concurred.