207 A.2d 604.

JOSEPH BERTRAND *et ux. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF BURRILLVILLE.

MARCH 1, 1965.

PRESENT: Roberts, Paolino, Powers and Joslin, JJ.

POWERS, J. This petition for certiorari was brought to review the action of the respondent zoning board in granting an exception to the minimum yard depths requirements of the local ordinance and prays that the decision be quashed. We issued the writ and in response thereto the pertinent record has been certified to this court.

It is established therefrom that Joseph L. and Bertha M. Houle are the owners of land on Reservoir Road described as lot No. 27 on assessors' map 5-11, block 6, and on which are two dwellings. The property is bounded on the north by land of petitioners herein.

The record further establishes that on November 18, 1954 a building permit was issued to Joseph L. Houle, hereinafter called the applicant, for the construction of a garage on the north side of his dwelling, which when completed would come within several feet of petitioners' property line. At that time the ordinance here in question had not been adopted.

It appears that the applicant commenced construction of the garage in accordance with the terms of the building permit but was forced to discontinue the work because of illness and heavy medical expenses.

About 1960 the applicant's son Joseph L. Houle, Jr. and his wife moved into the house which would be served by the proposed garage as an accessory use, and in the fall of 1963 began completion of the garage. Before doing so he inquired of the town clerk if the 1954 building permit was still valid. That official expressed the belief that it was but suggested that inquiry should be made of the building inspector. The applicant's son did so and was advised that he could proceed on the permit.

It further appears that by the end of 1963 or within a few days thereafter the garage was completed without objection. In any event by letter dated January 15, 1964, the applicant was advised by the building inspector that the garage had been built in violation of the minimum yard depths requirements, specifically article III, sec. 2G, of the local ordinance, and that he should either remove it or appeal from the building inspector's ruling within thirty days. That period of time within which an appeal can be taken is fixed by the ordinance.

It was not until February 26, 1964, however, that the applicant did appeal. Moreover, the appeal was signed by Joseph L. Houle, Jr. and not by the applicant. This fact as well as the filing of the appeal after thirty days had passed are two of the grounds on which petitioners rest their po-

sition. In the view we take, however, only the latter ground need and will be considered.

After due notice a hearing was held on July 21, 1964. Joseph L. Houle, Jr. appeared and was represented by counsel as were the instant petitioners. The applicant's son testified as heretofore related. The board found that the 1954 permit was too old and indefinite to be valid, but under article III, sec. 1B, of the ordinance, which authorizes a one-car garage as a permitted accessory use in an R-2 district, granted relief by way of an exception. Thus the applicant was entitled to build the garage as a matter of right insofar as zoning as such was concerned and the exception granted simply constituted permission to deviate from side and rear lot-line regulations. See *Viti* v. *Zoning Board of Review*, 92 R. I. 59.

Nothing in the building inspector's order of January 15, 1964 raises a question as to the validity of the 1954 building permit, but the board passed thereon and also considered the applicant's appeal as one seeking authority to build closer to the lot line than is authorized by the ordinance.

However, petitioners contend that the board was without jurisdiction either to hear the appeal or grant any relief for the reason that it was not taken until after more than thirty days had elapsed since the applicant received notice of the ruling made by the building inspector. They rely on *Nolfi* v. *Zoning Board of Review*, 91 R. I. 444. In that case we held that an appeal by a remonstrant from the granting of a permit by the building inspector should not have been heard by the board for the reason that its rules and bylaws provided for an appeal within thirty days and that such a provision was consistent with the enabling act and binding on the board. Here the thirty-day limitation is established by article I, sec. 5D, of the ordinance. In our judgment, therefore, petitioners' contention is sound and the decision of the board is a nullity. The board argues, however, that

petitioners failed to raise this question at the hearing and are raising it for the first time in this court. Even so, the question is one of jurisdiction which this court has held may be raised at any time. See *Roberts* v. *Board of Elections,* 85 R. I. 203. Indeed, we have raised the question sua sponte. *Coen* v. *Corr,* 90 R. I. 185.

Nevertheless, although petitioners are correct in their claim that the board was without jurisdiction, there are in the unique and special circumstances of the case at bar two other questions which we deem it expedient and advisable to consider.

Before turning to such questions, however, it is desirable that we should set forth those unusual circumstances. The building of the garage was not commenced until after a valid permit therefor had been issued and at a time when no regulations were in effect. No time was lost thereafter in commencing the work and it went forward until the applicant was forced to stop by reason of prolonged illness and impaired finances resulting therefrom. At the time work was interrupted a foundation had been laid, an opening left in the house for a door connecting with the garage and the jet of the house was left unfinished so as to accommodate a roof for the garage.

Further, all of this was obvious to petitioners. Before commencing completion of the garage inquiry was made of two town officials, one of them the building inspector, as to whether the 1954 permit was still valid. It was not until affirmative assurance had been given by the latter that work was resumed.

There is then the question of the validity of the 1954 building permit. Although the permit was found to be void by the board in rendering its decision, the question remains unanswered since it is a nullity. However, the garage was completed before any objection was raised and we think that question should be considered as moot.

Rather we think it reasonable to assume that future efforts to enforce the outstanding order of the building inspector will raise a question about the town's right under the provisions of G. L. 1956, §§45-24-6 and 45-24-7, which read as follows:

"Penalties for ordinance violations—Injunction.—The city or town council of such town or city, as the case may be, shall have power to provide a penalty for the violation of any ordinance enacted under the authority of this chapter by fine not exceeding one hundred dollars ($100) for each offense and to provide that each day of the existence of any such violation shall be deemed a separate offense, such fine to inure to such town or city, and may also cause suit to be brought in the supreme or superior court in the name of such city to restrain the violation of, or to compel compliance with, the provisions of any such ordinance."

"Judicial aid in enforcement of ordinances.—The supreme court and the superior court, within their respective jurisdictions, or any justice of either of said courts in vacation, shall, upon due proceedings in the name of such town or city instituted by its town or city solicitor, have power to issue any extraordinary writs or to proceed according to the course of equity or both:

"To restrain the erection, alteration or use of any building, structure or other thing erected, altered or used in violation of the provisions of any ordinance enacted under the authority of this chapter, and to order its removal or abatement as a nuisance;

"To compel compliance with the provisions of any ordinance enacted under the authority of this chapter;

"To order the removal by the owner of any building, structure or other thing existing in violation of any ordinance enacted under the provisions of this chapter and to authorize some official of such town or city in default of such removal by the owner to remove it at the expense of such owner."

We have heretofore held that the authority conferred by the aforesaid provisions can be invoked only by the muni-

cipality and that adjoining property owners are without standing in the premises. *Town of Lincoln* v. *Cournoyer,* 95 R. I. 280, 186 A.2d 728. Thus if the completed garage represents a violation of the Burrillville ordinance and is subject to removal pursuant to the outstanding order issued by the building inspector, status quo will not be disturbed by the outcome of these proceedings. The enforcement of the building inspector's order commenced by the town solicitor can be achieved only through the provisions of §45-24-7. The instant petition was privately prosecuted pursuant to §45-24-20.

Moreover, if such proceedings were to be commenced by the proper town officer, we think it probable that owing to the unusual circumstances heretofore related the town might very well be estopped from prosecuting its complaint. Be that as it may, however, the applicant is not entitled to prevail in these proceedings.

The petition for certiorari is granted, the decision of the board is quashed, and the record in the cause is ordered returned to the respondent board with our decision endorsed thereon.

*M. Durkan Cannon,* for petitioners.

*Irving I. Zimmerman,* Town Solicitor for the Town of Burrillville, for respondent.