Cheshire
No. 6788

CITY OF KEENE

v.

ZONING BOARD OF ADJUSTMENT AND N. MICHAEL PLAUT

November 29, 1974

*Charles H. Morang,* city attorney (*Mr. Morang* orally), for the plaintiff.

*Faulkner, Plaut, Hanna & Zimmerman* and *George R. Freund, Jr.* (*Mr. Freund* orally) for the defendant Plaut.

DUNCAN, J. This is an appeal to the superior court by the city of Keene from a decision of the Keene Zoning Board of Adjustment granting a variance to Nine-Twelve Realty Corporation with respect to land in Keene. The motion of the defendant Plaut to appear specially, pro se, as a tax-

payer, for the purpose of questioning the jurisdiction of the superior court was granted and six days later the taxpayer's motion to dismiss the action for lack of proper parties was also granted, subject to the city's exception. The case was thereafter reserved and transferred by the Trial Court (*King*, J.).

The taxpayer's motion to dismiss was grounded upon the proposition that the plaintiff city is "necessarily the defendant" and therefore "there is no justiciable issue before the court". In support of the trial court's order of dismissal, he relies upon the series of cases typified by *Kelley v. Hopkinton Village Precinct*, 108 N.H. 206, 231 A.2d 269 (1967), indicating that in appeals from decisions of zoning boards, "the municipality rather than its board of adjustment is a proper party defendant". In that case however, as in other cases relied upon, the appealing party was a private individual who was objecting to the action of the zoning board pursuant to authority vested in it by the ordinance of the municipality in question.

In the case before us, the party objecting to the action of the board is the municipality itself, acting through its city council and city manager. The decisions relied upon by the taxpayer are ample authority for the proposition that the board of adjustment is not a proper party to the appeal. *See Boston & Maine R.R. v. State*, 77 N.H. 437, 438, 93 A. 306 (1915); 3 R. Anderson, American Law of Zoning § 21.11 (1968). It does not follow however that the city must be defendant as well as plaintiff. In the proceedings before the board, the moving party was Nine-Twelve Realty Corporation, which was granted the variance sought. On an appeal from the order of the board, Nine-Twelve Realty Corporation is obviously an interested party, and entitled to appear. RSA 31:79.

The real issue presented, as the taxpayer appears to recognize, is whether the city was entitled to move for a rehearing, which it did, and to appeal from the board's denial of the same, which it also did. As the taxpayer points out, at the time the city so moved, RSA ch. 31 contained no express grant of authority to a municipality to appeal, although this right was later expressly conferred by Laws 1973, 341:1, effective August 26, 1973. RSA 31:74 (Supp. 1973).

When the city sought to perfect its appeal, the statute authorized a motion for rehearing by "any party to the . . . proceedings, or any person directly affected thereby", and an appeal by "[a]ny person aggrieved." RSA 31:74, 77 (1970). Since RSA 21:9 provides that "the word 'person' may extend and be applied to bodies corporate and politic as well as to individuals", the interesting question arises as to whether the municipality was entitled to appeal before the 1973 amendment, or whether the amendment merely gave expression to a right which already existed. *See Bi-Rite, Inc. v. Concord,* 101 N.H. 291, 140 A.2d 566 (1958). However, we need not decide this issue.

The record shows that the variance was granted by the zoning board on February 13, 1973, and that the city's motion for rehearing was filed on March 23, 1973. The statute requires such a motion to be filed within twenty days of the order or decision of the board. RSA 31:74. Compliance with this requirement is a necessary prerequisite to maintenance of an appeal, and to the jurisdiction of the superior court on an appeal, since such "procedural limits [are] generally strict and frequently mandatory". *Salmonsen v. Rindge,* 113 N.H. 46, 48, 299 A.2d 926, 927 (1973), and authorities cited; 3 R. Anderson, American Law of Zoning § 16.15 (1968). A failure of compliance cannot be waived by action of the board of adjustment upon a motion for rehearing not seasonably filed. *See Bourassa v. Keene,* 108 N.H. 261, 234 A.2d 112 (1967); *Di Pietro v. Nashua,* 109 N.H. 174, 246 A.2d 695 (1968); *Bertrand v. Zoning Bd. of Review,* 99 R.I. 329, 207 A.2d 604 (1965). Accordingly the city's appeal was properly dismissed, and its exception must be overruled.

*Exception overruled.*

All concurred.