Strafford
No. 87-389

PATRICIA FRISELLA

v.

TOWN OF FARMINGTON

R. STEVEN LEIGHTON AND EARL B. WEBB

v.

TOWN OF FARMINGTON

November 4, 1988

*Anthony A. McManus P.A.*, of Dover (*Anthony A. McManus* on the brief and orally), for the plaintiff Patricia Frisella.

*Regan Law Offices*, of Dover (*Christopher T. Regan* on the brief and orally), for the plaintiffs R. Steven Leighton and Earl B. Webb.

*McNeill, Taylor & Dolan*, of Dover, for the defendant, the Town of Farmington, filed no brief.

BROCK, C.J.  The plaintiff Patricia Frisella appeals a subdivision approval by the planning board for the town of Farmington. The Superior Court (*Nadeau*, J.), acting upon the recommendation of a Master (*Charles T. Gallagher*, Esq.), affirmed the board's decision in part and reversed in part by allowing the subdivision approval to stand, but removing the condition that the subdivision developers pay for half the cost of improving an offsite access road. Finding no error, we affirm.

The developers, R. Steven Leighton and Earl B. Webb, own approximately seventy-four acres of land located on Reservoir Road (also known as Dynamite Corner Road) in Farmington. Reservoir Road is a class V gravel highway stretching about 6,800 feet from the Strafford town line, on the west, to the nearest paved road, Meaderboro Road, on the east. The subdivision borders the

Strafford town line on the west and fronts on the north side of Reservoir Road for some 2,100 feet. Seven hundred feet east of the subdivision, Sheepboro Road bisects Reservoir Road. The distance from the intersection of Reservoir Road and Sheepboro Road to Meaderboro Road is about 4,000 feet. Plaintiff Frisella is an aggrieved party living close to the subdivision.

In March, 1986, the developers submitted their proposal for a subdivision to the town planning board. Following numerous meetings and hearings, the board granted approval for the subdivision in September, 1986, with the condition that the entire length of Reservoir Road be improved, and that the developer pay for half the cost of improving the offsite section located between Sheepboro Road and Meaderboro Road.

Pursuant to RSA 677:15, both the developers and Frisella appealed the board's decision to the superior court. The developers argued that they should not have to bear the cost of improving either the abutting or the offsite portion of Reservoir Road. Frisella argued that the subdivision approval never should have been granted in the first place because the subdivision was premature, the board was not authorized to waive the land subdivision regulations, and no alternates were appointed to serve on the board to consider the subdivision after three board members disqualified themselves. The court consolidated the two appeals and scheduled a hearing before a master. The master heard testimony from, among others, the deputy fire chief for the town of Farmington, the outside civil engineer employed to evaluate the roads, a planning board member, and the road agent for the town of Farmington. Additionally, the master took a view of the area in question.

Based on the testimony of the witnesses and the evidence received, which included the minutes of the planning board meetings, the master found that: (1) the subdivision was neither scattered nor premature; (2) the board's decision to waive certain criteria in the subdivision regulations relative to offsite road improvements was not unreasonable; (3) Frisella's claim as to the failure to appoint alternates should be dismissed; (4) and there was no legal error in the board's decision. Concerning the developers' appeal, the master, citing *Land/Vest Props., Inc. v. Town of Plainfield*, 117 N.H. 817, 823, 379 A.2d 200, 204 (1977), recommended that, due to the absence of a "rational nexus" between the subdivision approval and the offsite portion of Reservoir Road east of the intersection with Sheepboro Road, the developer not be held responsible for half the cost of the road improvement, as assessed

by the planning board. The superior court approved the master's recommendations, and Frisella appealed.

Frisella's appeal raises four issues for this court's consideration: (1) whether the planning board acted unreasonably in approving the subdivision in light of the evidence that it was premature; (2) whether the planning board acted unreasonably in approving the subdivision with conditions that are contrary to the State statutes and the local land subdivision ordinance; (3) whether the court erred in finding the conditions imposed by the planning board to be unreasonable; and (4) whether the failure of the planning board to appoint alternate members of the board vitiated the board's decision.

■■ Under RSA 677:15, V, the trial court's standard for reviewing a decision of the planning board is whether there was an error of law or "the court is persuaded by the balance of probabilities, on the evidence before it, that [the planning board's] . . . decision [was] . . . unreasonable." RSA 677:15, V; *see also Durant v. Town of Dunbarton*, 121 N.H. 352, 357, 430 A.2d 140, 143–44 (1981). The appropriate review on appeal requires us to "uphold the trial court unless its decision is not supported by the evidence or is legally erroneous." *Nadeau v. Town of Durham*, 129 N.H. 663, 666, 531 A.2d 335, 337 (1987); *see Durant, supra* at 357, 430 A.2d at 144. We determine whether a "reasonable person 'could have reached the same decision as the trial court based on the evidence before it.'" *Nadeau*, 129 N.H. at 666, 531 A.2d at 337 (quoting *Zimmerman v. Suissevale, Inc.*, 121 N.H. 1051, 1054, 438 A.2d 290, 292 (1981)).

The parties do not dispute that the planning board is empowered, pursuant to RSA 674:35, to regulate land subdivisions in Farmington. *See* RSA 674:35, I, II; TOWN OF FARMINGTON, LAND SUBDIVISION REGULATIONS § 1 (1983); *see also* RSA 674:36, I; RSA 675:6. Pertinent to Frisella's claim that the subdivision approval was premature, RSA 674:36, II provides that:

"The subdivision regulations which the planning board adopts may:
(a) Provide against such scattered or premature subdivision of land as would involve danger or injury to health, safety, or prosperity by reason of the lack of water supply, drainage, transportation, schools, fire protection, or other public services, or necessitate the excessive expenditure of public funds for the supply of such services . . . ."

Section 1.02 of the Farmington Land Subdivision Regulations provides that:

> "No sub-division will be approved that would create scattered or premature sub-division of portions of the town that might create a danger or injury to health, safety or prosperity by reason of lack of water supply, drainage, transportation, schools, fire department or other public services, or necessitate an excessive expenditure of public funds for supply of such service."

TOWN OF FARMINGTON, LAND SUBDIVISION REGULATIONS § 1.02.

■ The master found that the subdivision was neither scattered nor premature because it "lies just beyond an area which is being developed in large lots with substantial residences." In addition, the master noted that there were a number of residences in the area already, as well as other previously approved subdivisions, including one that was approved while the developers' subdivision application was pending. Despite Frisella's claim that the trial court should have focused on the area's remoteness, it is clear that the evidence in the record amply supports the master's findings that the subdivision was not premature.

Frisella next argues that the planning board acted unreasonably in waiving certain width, gradient, and paving requirements for the offsite road. She relies on section 4.18 of the regulations, which provides in part that:

> "Any existing street which provides either frontage to new lots or access to new streets shall meet the minimum standards established in Section 4.16 for such street. Where a subdivision requires undue expenditures by the Town to improve existing street to conform to minimum standards, the Board may disapprove such subdivision until the Selectmen shall certify that funds for the improvements have been assured."

TOWN OF FARMINGTON, LAND SUBDIVISION REGULATIONS § 4.18. Following this section, however, is section 5.01, which provides that:

> "The requirements of the foregoing regulations may be modified when, in the opinion of the Board, specific circumstances surrounding a subdivision, or condition of the land in such subdivision, indicates that such modification will properly carry out the purpose and intent of these regulations."

TOWN OF FARMINGTON, LAND SUBDIVISION REGULATIONS § 5.01.

Frisella first takes the position that use of the term "shall" in section 4.18 makes compliance with that section mandatory, despite the board's specific authorization to modify the regulations as provided in section 5.01. Nothing in section 5.01, however, limits its application to anything less than the entire subdivision regulation. In response, Frisella next argues that section 5.02, which states in pertinent part that "[n]othing herein is intended to modify or control the construction, reconstruction, or extension of roads by the Town," limits the board's authority to modify the regulations as to roads. Section 5.02 is entitled *"Acceptance of Streets."* Although its purpose is admittedly unclear, we believe that this regulation is directed at precluding use of the subdivision standards for new roads, *see* TOWN OF FARMINGTON, LAND SUBDIVISION REGULATIONS § 4.16, as authority for landowners to force the town to improve already existing and accepted roads to at least the standard required for new subdivision roads. To interpret the regulation as Frisella suggests creates the implication that residents or developers could use the standards contained in the regulations to force unnecessary improvements on the town where such roads do not meet the standard enunciated in section 4.16. Frisella concludes that "although the Board may waive some of the other provisions of the regulations . . . [it is] precluded from reducing the minimum standards of section 4.16." However, she fails to support her conclusion by specifying which sections may be waived and which may not. In the absence of examples or authority for her conclusion, we decline to accept it.

Nor is there any merit to Frisella's claim that the board failed to make required "findings" in waiving certain of the road standards. Nothing in section 5.01 explicitly requires "findings" by the board as a condition of waiving the regulations, and we will not read such a requirement into the regulation. Although some courts have concluded that findings in support of a waiver are necessary, *see, e.g., Amato v. Randolph Tp. Planning Bd.*, 188 N.J. Super. 439, 453, 457 A.2d 1188, 1195 (1982), others have concluded that no findings are required, *see, e.g., Arrigo v. Planning Bd. of Franklin*, 12 Mass. App. 802, 808, 429 N.E.2d 355, 361 (1981), *review denied*, 385 Mass. 1101, 440 N.E.2d 1173 (1982); 5 A. RATHKOPF, THE LAW OF ZONING AND PLANNING § 65.04, at 65–119 (1988). If the waiver given is unreasonable, and is challenged, we believe the trial court's reviewing authority under RSA 677:15, V provides sufficient protection against abuses. The board heard the testimony of the civil engineer and concluded that the circum-

stances of the case warranted a modification of the existing standards. The trial court found this waiver to be reasonable, and nothing in Frisella's argument convinces us otherwise.

Next, Frisella claims that the trial court erred in eliminating the requirement that the developers pay one-half the cost of improving the offsite portion of Reservoir Road. The trial court stated correctly that the appropriate test for determining the developers' liability for the cost of offsite road improvements is the "rational nexus" test. See Land/Vest Props., Inc. v. Town of Plainfield, 117 N.H. at 823, 379 A.2d at 204. Applying that test, the trial court concluded that there is no rational nexus between the needs created by, and special benefits conferred upon, the subdivision and that portion of Reservoir Road that lies east of Sheepboro Road. We agree. There are numerous residents living along Reservoir Road and Sheepboro Road who would benefit from any improvement to the offsite portion of Reservoir Road east of Sheepboro Road. Moreover, the trial court noted that there are other subdivisions in the area that stand to benefit from improvements to Reservoir Road, and those subdivisions have already been approved without the requirement to contribute to the improvement of Reservoir Road. Indirect and future benefits accruing to these already-approved subdivisions represent valid considerations in determining whether or not there exists a rational nexus, sufficient to allocate a percentage of the improvement cost to the Leighton and Webb subdivision, between the benefits to that subdivision and the improvement to the challenged offsite portion of Reservoir Road. See id. at 824, 379 A.2d at 204–05. Accordingly, we find no error in the trial court's conclusion.

Lastly, Frisella claims that the court should not have dismissed her claim concerning the board's failure to appoint alternates, merely because she failed to raise it within the 30-day period "after the filing of the decision in the office of the planning board." RSA 677:15, I. Frisella concedes that she failed to raise the issue in her initial appeal to the superior court. She does not argue that there is an exception to the 30-day requirement which would authorize the court to consider it now. Rather, she argues that RSA 673:11, governing the appointment of alternates, is "an important statutory requirement that should not be bypassed on a technical point." Frisella offers no legal basis for bypassing the appeal procedure contained in RSA 677:15 to enforce the requirement for the appointment of alternates to the planning board, RSA 673:11, and we decline to do so merely because Frisella implies that

RSA 673:11 should be interpreted as a more significant statute than RSA 677:15.

In sum, we affirm the decision of the trial court upholding the planning board's approval of the subdivision, and reversing the requirement that the developers improve Reservoir Road east of Sheepboro Road.

*Affirmed.*

All concurred.