Hillsborough County Probate Court
No. 89-472

MITCHELL SKRIZOWSKI

v.

JEFFREY CHANDLER, INDIVIDUALLY AND AS
CO-EXECUTOR OF THE ESTATE OF NELLIE S. CHANDLER
AND
CLAIRE EARP, INDIVIDUALLY AND AS EXECUTRIX
OF THE ESTATE OF DAVID M. EARP

August 3, 1990

*Malloy & Sullivan P.C.*, of Manchester (*Donald A. Kennedy* on the brief and orally), for the plaintiff.

*Holmes & Ells*, of Hampton (*Michael R.S. Donaghy* on the brief and orally), and *Hampe & McNicholas*, of Concord (*Bruce E. Viles* on the brief), for the defendants.

BROCK, C.J.   The defendants, Jeffrey Chandler and Claire Earp, individually and as co-executor and executrix, respectively, of the Estates of Nellie S. Chandler and David M. Earp (the estates), appeal from a decision of the Hillsborough County Probate Court (*Cloutier,* J.) holding that the statutes of limitations and prohibitions contained in RSA 556:3 and RSA 556:5 do not bar the plaintiff's claim as a creditor against the estates. Arguing that the plaintiff failed to exhibit demand of his claim within six months of the grant of administration as required under RSA 556:3, and failed to file suit against the estates within the following six months, as required under RSA 556:5, the defendants contend that the plaintiff's claim is statutorily time-barred. For the reasons that follow, we reverse.

At the time of their deaths, the decedents owned several apartment buildings in Manchester. One of these properties was encumbered by a second mortgage securing a promissory note for the sum of $90,000. The promissory note, executed by the decedents on November 1, 1985, was payable to the plaintiff, Mitchell Skrizowski, and

called for monthly interest payments of $1,050, with a balloon payment of the entire principal and interest due on November 1, 1989.

Nellie S. Chandler and David M. Earp died together in a small plane crash on November 26, 1986. The defendants were appointed as executors of the decedents' estates in March, 1987, and they made the monthly payments called for under the terms of the promissory note until March 11, 1988, but thereafter discontinued payment. Seeking to retain assets from the estates, the plaintiff filed a petition in the Hillsborough County Probate Court on June 10, 1988, demanding the balance due on the note. A hearing was held, and the defendants objected to the petition, claiming first, that demand was not exhibited within six months of the grant of administration, and second, that suit had not been filed within one year of the grant of administration.

On June 14, 1989, the probate court determined that the plaintiff's claim was not barred. Reasoning that the object of New Hampshire's non-claim statute is not to deprive creditors of their rights, but rather, to bring a creditor's claim to the attention of the administrator, the court waived the filing deadlines established by § 3 and § 5. The court found that the administrators had actual knowledge of the debt, having made partial payment on the note prior to expiration of the six-month period prescribed for demand, and ruled that "since the administrators made payment, they cannot now claim surprise or the benefit of this statute." This appeal followed.

The only issue we consider is whether the plaintiff's action is barred for failure to comply with the provisions of RSA 556:3 and RSA 556:5. Under RSA 556:3, no action can be maintained against an estate "unless the demand was exhibited to the administrator within six months after the original grant of administration." Additionally, RSA 556:5 prohibits a suit from being maintained against an estate "unless it is begun within one year next after the original grant of administration." Recently, in *Stewart v. Farrel*, 131 N.H. 458, 554 A.2d 1286 (1989), we stated that in order to maintain a claim against an estate, a creditor must comply with the requirements of § 3 and § 5. *Id.* at 461, 554 A.2d at 1288. We further observed that RSA 556:28 provides the only exception to the requirements of § 3 and § 5 in that it "allows those who fail to bring suit within the allotted time to petition the superior court for an extension." *Id; see also Cass v. Ray*, 131 N.H. 550, 552, 556 A.2d 1180, 1181 (1989). RSA 556:28 provides that

> "[w]henever any one has a claim against the estate of a deceased person, which has not been prosecuted within the

time limited by law, he may apply to the superior court, by petition setting forth all the facts; and if the court shall be of the opinion that justice and equity require it, and that the claimant is not chargeable with culpable neglect in not bringing his suit within the time limited by law, it may give him a judgment for the amount due to him; but the judgment shall not affect any payments or compromises made before the beginning of the proceedings."

Given that demand was not seasonably presented, nor an action commenced within the filing deadline for claims against an estate, we hold that the plaintiff's action is time-barred. We note, however, that the plaintiff is entitled to petition the superior court for an extension pursuant to RSA 556:28.

*Reversed.*

THAYER and HORTON, JJ., did not sit; the others concurred.