Merrimack
No. 90-021

KEVIN DANIEL AND DANIEL'S RESTAURANT

v.

B & J REALTY d/b/a/ POP SCHULTZ
AND
TOWN OF HENNIKER ZONING BOARD OF ADJUSTMENT

April 26, 1991

*Abramson, Reis & Brown*, of Manchester (*Kenneth C. Brown* and *Jill A. DeMello* on the brief, and *Ms. DeMello* orally), for the plaintiffs.

*Law Offices of Raymond P. D'Amante P.A.*, of Concord (*Kathleen McDonald* on the brief and orally), for B & J Realty.

*Nixon, Hall & Hess P.A.*, of Manchester (*David W. Hess* on the brief and orally), for the Town of Henniker.

## MEMORANDUM OPINION

THAYER, J.   The plaintiffs appeal from an order of the Superior Court (*M. Flynn*, J.) granting defendant B & J Realty's motion for

summary judgment in an appeal by plaintiffs from the Henniker Zoning Board of Adjustment's (ZBA) decision denying their appeal. The ZBA had allowed the plaintiffs to file an appeal, beyond the period provided for in the zoning board rules, from the Henniker Board of Selectmen's approval of B & J Realty's application for a building permit. In its motion for summary judgment, B & J Realty argued that the plaintiffs' appeal was not timely filed and that the ZBA did not have the authority to waive compliance with the appeal period rule. We affirm.

On October 11, 1988, the Henniker Board of Selectmen approved B & J Realty's application for a building permit. On October 26th, plaintiffs Kevin Daniel and Daniel's Restaurant filed an appeal of that decision with the ZBA. The appeal was filed one day late, under the local zoning board rule which provides that such appeals shall be filed within fourteen days of a decision by the selectmen.

At a hearing before the ZBA on November 16th, defendant B & J Realty raised the issue of the timeliness of plaintiffs' filing. The ZBA ruled that one day's delay in filing was not significant and that the ZBA rules need not be strictly enforced. B & J Realty did not appeal this ruling. On November 22nd, the ZBA heard the merits of the case and decided in favor of B & J Realty. The plaintiffs subsequently filed a motion for rehearing, which was denied by the ZBA.

Daniel's Restaurant filed an appeal on January 23, 1989, with the superior court pursuant to RSA 677:4. B & J Realty filed a motion for summary judgment, arguing that the appeal was barred because the original appeal to the ZBA was untimely. The superior court granted the motion, and this appeal followed.

The plaintiffs argue that the ZBA could exercise discretion in applying its own local rules flexibly and thereby properly decide that a single day's delay in filing the appeal would not be deemed untimely. We disagree.

RSA 676:5 requires that "[a]ppeals to the board of adjustment . . . shall be taken within a reasonable time, as provided by the rules of the board." Pursuant to this authority, the ZBA adopted rules of procedure which expressly provide that "[a]ppeals from an administrative decision taken under RSA 676:5 *shall* be filed within 14 days of the decision." (Emphasis added.) It is clear that the ZBA has defined a reasonable appeal period to be fourteen days, and plaintiffs do not challenge the validity of the rule. Because the time limit is consistent with the enabling statute, the ZBA was required to apply the rule literally. *See Herdelin v. Greenberg*, 328 A.2d 552, 554–55 (Pa. Commw. Ct. 1974); *Bertrand v. Zoning Bd. of Review*, 99 R.I. 329,

331, 207 A.2d 604, 605 (1965) (cited in *City of Keene v. Zoning Bd. of Adjustment*, 114 N.H. 744, 746, 329 A.2d 141, 142 (1974)); *Nolfi v. Zoning Bd. of Review*, 91 R.I. 444, 445–46, 164 A.2d 695, 696 (1960).

The plaintiffs' reliance on *Shaw v. City of Manchester*, 118 N.H. 158, 384 A.2d 491 (1978), in support of the position that the ZBA has discretion to waive its own rules, is misplaced. In *Shaw*, the trial court considered a motion for rehearing even though it was filed one day late. *Id.* at 160, 384 A.2d at 493. The trial court's discretion to waive its own rules, however, was expressly reserved by the court rules themselves. *See* PREAMBLE TO SUPER. CT. RS. (court may order relief from failure to comply with rules due to accident, mistake or misfortune). In the case before us, on the other hand, there is no provision in either the enabling statute or the ZBA rules which grants the ZBA such discretionary authority.

██ Compliance with the procedural deadline for filing an appeal is a "necessary prerequisite" to establishing jurisdiction in the appellate body. *Zoning Bd. of Adjustment supra*; *see Goto v. District of Columbia Bd. of Zoning Adjustment*, 423 A.2d 917, 923 (D.C. 1980) (question of timeliness is jurisdictional; board without power to consider appeals not timely filed); 4 ANDERSON, AMERICAN LAW OF ZONING 38 (3d ed. 1986) (appeal to board of adjustment filed after time limitation has run deprives board of jurisdiction to grant relief). The fourteen-day deadline in this case was not met; therefore, the ZBA did not have jurisdiction over the appeal. Because the ZBA erred as a matter of law, the trial court was correct in overruling the ZBA's waiver of compliance with the appeal period rule. *See* RSA 677:6; *Crossley v. Town of Pelham*, 133 N.H. 215, 216, 578 A.2d 319, 319–20 (1990).

██ The plaintiffs also argue that B & J Realty was required to move for a rehearing, under RSA 677:2 and :3, of the ZBA's decision on the timeliness issue in order to raise that issue in a motion for summary judgment before the trial court. The question, however, is one of jurisdiction, which may be raised at any time. *See Jackson & Sons v. Lumbermen's Mut. Casualty Co.*, 86 N.H. 341, 342, 168 A. 895, 896 (1933).

*Affirmed.*

All concurred.