Belknap
No. 92-210

MICHAEL AND KATHLEEN DERMODY

v.

TOWN OF GILFORD PLANNING BOARD

June 24, 1993

*Michael J.* and *Kathleen A. Dermody,* by brief, *pro se.*

*Nighswander, Martin & Mitchell P.A.,* of Laconia (*Walter L. Mitchell* and *Timothy Bates* on the brief, and *Mr. Bates* orally), for the defendant.

*Fitzgerald & Sessler P.A.,* of Laconia, for the intervenor Blue Water Bay Condominium Association, filed no brief.

THAYER, J. This is an interlocutory appeal from an order of the Superior Court (*O'Neil,* J.) granting certiorari to the plaintiffs, Michael and Kathleen Dermody. We reverse the order granting certiorari.

The plaintiffs own land abutting a condominium development in Gilford. On January 13, 1992, the Gilford Planning Board approved an amendment to the development's site plan. The notice of such decision was filed in the Gilford Planning Board's office on January 14, 1992. The plaintiffs filed a petition for certiorari pursuant to RSA 677:15 (Supp. 1992) on February 14, 1992, thirty-one days after the filing of the decision in the office of the planning board. RSA 677:15, I (Supp. 1992), provides in part:

> "Any persons aggrieved by any decision of the planning board concerning a plat or subdivision may present to the superior court a petition, duly verified, setting forth that such decision is illegal or unreasonable in whole or in part and specifying the grounds upon which the same is claimed to be illegal or unreasonable. *Such petition shall be presented to the court within 30 days after the filing of the decision in the office of the planning board.*"

(Emphasis added.) The last day to file a timely appeal under the statute was February 13, 1992. The town objected to the plaintiffs' petition on the ground that the plaintiffs failed to file their petition within thirty days as required under the statute. Following a hearing on the town's objection, the superior court ruled that it could excuse the plaintiffs' failure to comply with the thirty-day requirement and

grant certiorari because their noncompliance resulted from "accident, mistake or misfortune." The town appeals.

The plaintiffs concede that they failed to file their appeal within the thirty-day period, explaining that they "never thought to take out a calendar" and simply assumed that filing on February 14, 1992, was timely. Nevertheless, the plaintiffs argue that they "substantially complied" with the deadline, and that the superior court properly exercised its equity powers in allowing their appeal. We disagree.

■■ Most jurisdictions require strict compliance with statutory time restrictions. *See* 4 R. ANDERSON, AMERICAN LAW OF ZONING § 27.24, at 537 (3d ed. 1986). One day's delay may be fatal to a party's appeal. *Id.* § 27.24, at 537 n.33. New Hampshire follows this majority rule regarding compliance with statutory time requirements. *See, e.g., Town of Auburn v. McEvoy*, 131 N.H. 383, 388, 553 A.2d 317, 321 (1988) (party desiring relief from planning board decision is bound to file timely appeal); *Keene v. Zoning Bd.*, 114 N.H. 744, 746, 329 A.2d 141, 142 (1974) (city's failure to file timely appeal was fatal to maintaining appeal and to jurisdiction of superior court); *Salmonsen v. Rindge*, 113 N.H. 46, 48, 299 A.2d 926, 927 (1973) ("tenor of the zoning decisions on procedural limits is generally strict and frequently mandatory"). Specifically, we have held that "[c]ompliance with the procedural deadline for filing an appeal is a *necessary prerequisite* to establishing jurisdiction in the appellate body." *Daniel v. B & J Realty*, 134 N.H. 174, 176, 589 A.2d 998, 999 (1991) (quotation omitted) (emphasis added); *see also Keene v. Zoning Bd.*, 114 N.H. at 746, 329 A.2d at 142. Filing an appeal in a timely manner vests the superior court with subject matter jurisdiction. *Kelley v. Hopkinton Village Precinct*, 108 N.H. 206, 208, 231 A.2d 269, 271 (1967). Because the plaintiffs did not satisfy the "necessary prerequisite" of appealing the planning board's decision within the thirty-day period prescribed by RSA 677:15, I (Supp. 1992), subject matter jurisdiction was never conferred upon the superior court, which remained powerless to grant the plaintiffs' petition for certiorari. *See Keene v. Zoning Bd.*, 114 N.H. at 746, 329 A.2d at 142.

■ The plaintiffs argue that the superior court properly based its decision to waive the statutory time requirement on an "accident, mistake or misfortune" standard. Statutory time requirements relative to the vesting of jurisdiction, however, must be distinguished from the superior court's own procedural rules. While the superior

court has the discretion to apply its concept of accident, mistake or misfortune in some other contexts, *see* PREAMBLE TO SUPER. CT. RS., the court cannot use this concept to establish jurisdiction in the superior court in the first instance. *See Daniel v. B & J Realty*, 134 N.H. at 176, 589 A.2d at 999; *see also Keene v. Zoning Bd.*, 114 N.H. at 746, 329 A.2d at 142.

The plaintiffs next contend that their "technical error" should not deprive them of the opportunity to present their claims. We disagree. Our decision in this case is supported by *Frisella v. Town of Farmington*, 131 N.H. 78, 550 A.2d 102 (1988), a factually similar case. In *Frisella*, the plaintiff conceded that she had failed to raise her claim within the thirty-day period as prescribed by RSA 677:15, I (Supp. 1992). *See id.* at 84, 550 A.2d at 106. The plaintiff did not argue that there was an exception to the time requirement which would authorize the superior court to consider her claim on appeal. *Id.* Moreover, the plaintiff failed to offer any "legal basis for bypassing the appeal procedure contained in RSA 677:15 . . . ." *Id.* As in *Frisella*, we decline to accept the plaintiffs' invitation to circumvent the "necessary prerequisite" for establishing jurisdiction in the superior court. *See id.* at 84–85, 550 A.2d at 106. "[A] party who desires relief from a planning board's [decision] . . . is bound to appeal within the time provided by RSA 677:15, I." *McEvoy*, 131 N.H. at 388, 553 A.2d at 321. Failure to do so bars the court from entertaining the parties' appeal. *See id.*

Because the plaintiffs did not meet the thirty-day filing requirement of RSA 677:15, I (Supp. 1992), we hold as a matter of law that the superior court lacked the jurisdiction to grant certiorari. We reverse the superior court's decision granting certiorari and remand to the superior court with instructions to dismiss the petition.

*Reversed and remanded.*

All concurred.