Cheshire County Probate Court
No. 98-123

## IN RE ESTATE OF DAVID R. PRATT

December 29, 1999

*Tower, Crocker & Mullins, P.A.*, of Jaffrey (*Thomas P. Mullins* and *David M. Tower* on the brief, and *Mr. Tower* orally), for Elaine M. Pratt.

*Jennifer Roth*, of Jaffrey, by brief and orally, for the executor, Steven A. Knight.

*Philip T. McLaughlin*, attorney general (*Martin P. Honigberg*, senior assistant attorney general, on the brief and orally), for the State, as *amicus curiae*.

JOHNSON, J. The petitioner, Elaine M. Pratt, appeals a decision of the Cheshire County Probate Court (*Espiefs*, J.) dismissing her objection to the final accounting of the respondent, Steven A. Knight, executor of the estate of David R. Pratt. The petitioner objected to the executor's refusal to pay legacy and succession taxes on the proceeds from a joint bank account. We reverse and remand.

Through 1996, the decedent made deposits into a joint bank account with the petitioner. The petitioner withdrew the entire

$46,876.59 in the account on October 19, 1996. The decedent died on October 20, 1996. His will included a provision providing that

> [a]ll estate taxes, federal and state, legacy, succession, inheritance and like taxes imposed by reason of my death on property, whether disposed of by this will or not, and any interest thereon, shall be paid out of my residuary estate.

The petitioner received a tax bill from the State of New Hampshire for legacy and succession taxes, *see* RSA 86:6 (Supp. 1999), and she asked the executor to pay the taxes in accordance with the will. The executor refused and submitted his final account to the probate court for approval.

The petitioner objected to the final accounting. The executor moved to dismiss the objection, arguing that it was time-barred under RSA 556:5 (1997) because it was not filed within one year of the grant of administration. The petitioner responded that her claim was not against the decedent, but against the executor for his actions in the preparation and submission of the final account, and, therefore, not barred under the statute. The probate court concluded that the petitioner's objection was time barred under RSA 556:5. The court also concluded, even if the claim was timely, that the transfer was not a gift under RSA 86:6 because there was no showing of donative intent and delivery. The petitioner appeals.

On appeal, the petitioner argues that the probate court erred in concluding that: (1) RSA 556:5 bars an objection to a final account where the objection occurs more than one year after the date of the grant of administration; and (2) the withdrawal of funds from a joint bank account did not constitute a "gift" as that term is used in RSA 86:6, I.

RSA 556:5 provides:

> No suit shall be maintained against an administrator *for any cause of action against the deceased*, unless it is begun within one year next after the original grant of administration, exclusive of the time such administration may have been suspended, except in cases where he has retained estate in his hands for the payment of the claim by order of the judge, and cases provided for by RSA 556:7 and RSA 556:28.

(Emphasis added.)

By its clear language, RSA 556:5 applies only to actions that existed against the decedent during the decedent's lifetime. Those actions generally involve creditors with claims arising from, but not

limited to, the decedent's involvement in property transactions, contracts, or tortious conduct arising while the decedent was alive. *See, e.g., Skrizowski v. Chandler*, 133 N.H. 502, 503, 577 A.2d 1234, 1234-35 (1990); *Stewart v. Farrel*, 131 N.H. 458, 461, 554 A.2d 1286, 1288 (1989). RSA 556:5 also applies to claims by beneficiaries who challenge a bequest under the will. *See, e.g., Cass v. Ray, Ex'r*, 131 N.H. 550, 552, 556 A.2d 1180, 1181 (1989). In contrast, this case involves the executor's ministerial obligations in the probate process. Although the petitioner's claim involves a payment from the decedent's estate, her challenge arises from the executor's accounting, a ministerial action required in winding up the decedent's affairs.

■ Claims involving issues that did not exist during the decedent's lifetime such as an accounting, the mechanics of estate administration, and payment of bequests and taxes under the terms of a will, are not governed by RSA 556:5. Those claims could not exist during the decedent's lifetime because they are predicated upon the executor's action, who could not be appointed until after the decedent's death. Having concluded that the probate court erred, we reverse and remand for consideration of the first and final accounting and the objection thereto.

■ Finally, the petitioner contends that the probate court erred in concluding that the withdrawals from the joint account did not constitute a "gift" under RSA 86:6, I. Although the petitioner was formally notified by the New Hampshire Department of Revenue on October 17, 1997, that a legacy and succession tax was due on the withdrawal, *see* RSA 86:22, :39 (Supp. 1999), and the department issued a tax notice on November 17, 1997, it appears from the record before us that the petitioner did not appeal that assessment. *See* RSA 86:92 (Supp. 1999); RSA 21-J:28-a, -b (Supp. 1999). Thus, the probate court may have been without jurisdiction to determine whether the withdrawals in fact constituted a "gift" under RSA 86:6, I, for purposes of the petitioner's liability for the assessed tax. *See* RSA 21-J:28-b (setting forth administrative review process); RSA 86:92, IV; *cf. Dermody v. Town of Gilford*, 137 N.H. 294, 296, 627 A.2d 570, 571 (1993) ("Filing an appeal in a timely manner vests the [appellate body] with subject matter jurisdiction."). Further, it is unclear from the record whether that assessment is binding on the estate. *See* RSA 21-J:28-b (taxpayer against whom demand made may petition for redetermination and any taxpayer aggrieved by denial to grant a refund may file for reconsideration). Finally, on remand, the probate court may be required to determine whether

the estate is obligated under the terms of the will to pay the assessed taxes. Accordingly, we reverse the court's ruling and remand.

*Reversed and remanded.*

All concurred.