Grafton
No. 97-845

GARY E. AND KAREN C. PHETTEPLACE

v.

TOWN OF LYME

January 31, 2000

*Loftus & Borgstrom*, of Lebanon (*Karen Creighton Borgstrom* on the brief and orally), for the plaintiffs.

*Baldwin, Hogan & Kidd, P.L.L.C.*, of Concord (*Carolyn W. Baldwin* on the brief and orally), for the defendant.

THAYER, J. The plaintiffs, Gary E. and Karen C. Phetteplace, appeal a decision of the Superior Court (*Fitzgerald*, J.) dismissing as untimely their appeal for an abatement of taxes. *See* RSA 76:17 (Supp. 1999). We affirm.

The facts underlying this appeal are not disputed. In February 1997, the plaintiffs filed an application with the defendant, Town of Lyme, to abate their property taxes. The defendant denied the application on June 27, 1997. The plaintiffs elected to appeal to the superior court and mailed their appeal documents on Saturday, August 30, 1997. *See* RSA 76:17. The following Monday, September 1, the superior court was closed in observance of Labor Day. The superior court received the plaintiffs' appeal documents on September 2. The defendant moved to dismiss the appeal because it was not filed on or before September 1 as required by RSA 76:17. The superior court granted the motion, and this appeal followed.

The plaintiffs contend that the trial court erred because: (1) the defendant was estopped from filing a motion to dismiss for untimeliness; (2) RSA 76:17 is ambiguous and the court construed it incorrectly; (3) the court failed to apply Superior Court Rule 12; and (4) the dismissal violated the plaintiffs' due process rights.

The plaintiffs first contend that the defendant should be estopped from asserting that the appeal is untimely because the instructions on how to appeal a refusal to abate taxes from the board of tax and land appeals (BTLA) conflicted with the requirements of RSA 76:17. The plaintiffs assert that the BTLA's instructions led them to believe that their appeal to the superior court would be accepted after September 1.

The plaintiffs, as the party asserting estoppel, bear the burden of proving that: (1) a representation or concealment of

material facts was made by the defendant with knowledge of those facts; (2) they were unaware of the truth of the matter; (3) the representation was made with the intention of inducing the plaintiffs to rely upon it; and (4) they reasonably relied upon the representation to their detriment. *See City of Concord v. Tompkins*, 124 N.H. 463, 467-68, 471 A.2d 1152, 1154 (1984).

The plaintiffs allege that the following language on page four of the instruction form from the BTLA misrepresented material facts as to when an appeal is considered filed: "Note: The date of filing is the date this form is either hand delivered to the board, postmarked by the post office, or receipted by an overnight delivery service." Even assuming that the defendant's distribution of a form prepared by the BTLA constitutes a representation by the defendant of the form's contents, we hold that the defendant is not estopped from filing a motion to dismiss.

■ Page one of the instruction form is entitled, in large, bolded, underlined type, "TAXPAYER'S RSA 76:16-a PROPERTY-TAX APPEAL TO THE BOARD OF TAX AND LAND APPEALS." Following the title is a note stating that "[t]his appeal document pertains only to RSA 76:16-a property-tax appeals," which are appeals to the BTLA. *See* RSA 76:16-a, I (Supp. 1999). Also on the first page is a section entitled "DEADLINES," which informs the appealing party that the "taxpayer must file appeal to the BTLA (RSA 76:16-a) or the superior court (RSA 76:17) but not both: . . . *no later* than September 1, following notice of tax." Finally, in the filing instructions section on page four, directly above the note that the plaintiffs rely upon, are instructions that the appeal should be addressed to the BTLA. Thus, by its language, the form provides instructions exclusively for appeals to the BTLA. The fact that one section of the form lists the correct deadline to file an appeal with the superior court does not mean that a person could reasonably read the remainder of the form as applying to appeals to the superior court. *See City of Concord*, 124 N.H. at 474, 471 A.2d at 1158. Accordingly, the plaintiffs have not demonstrated that the defendant was estopped from filing a motion to dismiss.

■ The plaintiffs argue that dismissal of their appeal is unfair because if they had appealed to the BTLA, their appeal would have been timely. We agree that, according to the BTLA's instruction form, had the plaintiffs elected to appeal to the BTLA, the plaintiffs' appeal would have been timely because it would have been considered to have been filed with the BTLA on August 30, the postmark date. This apparent inconsistency does not, however, mean that the

superior court erred in dismissing their appeal as untimely. Even if we assume that the BTLA can validly determine the date of filing in such a manner, *but see Appeal of Rainville*, 143 N.H. 624, 627, 732 A.2d 406, 409-10 (1999) (long-standing administrative interpretation of statute is irrelevant if interpretation clearly conflicts with express statutory language); *Harkeem v. N.H. Dep't of Empl. Sec.*, 115 N.H. 658, 661, 348 A.2d 711, 713 (1975) (holding a regulation in conflict with statutory pattern and policy to be invalid), that does not mean that the appeal procedures to the superior court must mirror those to the BTLA. We are unaware of, and the plaintiffs have not provided, any authority requiring that appeals to two separate entities must be governed by identical rules. Having elected to appeal to the superior court, the plaintiffs were required to follow the procedures outlined in RSA 76:17.

Next, the plaintiffs contend that RSA 76:17 is ambiguous because it does not address the possibility that the September 1 deadline could fall on a legal holiday, which would make filing on September 1 impossible. We disagree.

"On questions of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. Johnson*, 134 N.H. 570, 575, 595 A.2d 498, 502 (1991) (quotations omitted). "Our analysis begins with the statutory language itself; when that language is plain and unambiguous, we need not look beyond the statute for further indications of legislative intent." *Johnson v. City of Laconia*, 141 N.H. 379, 380, 684 A.2d 500, 501 (1996) (quotation and brackets omitted).

RSA 76:17 provides, in relevant part:

> **By Court.** If the selectmen neglect or refuse so to abate, any person aggrieved, having complied with the requirements of RSA 74, may, in lieu of appealing pursuant to RSA 76:16-a, apply by petition to the superior court in the county, which shall make such order thereon as justice requires. The appeal shall be filed on or before September 1 following the date of notice of tax under RSA 76:1-a . . . .

■ We hold that the statutory language is unambiguous. The explicit language of RSA 76:17 requires that an appeal be filed "on or before September 1." The legislature could not have more clearly expressed its intent to require appeals to be filed by a date certain. That September 1 may fall on a legal holiday or a weekend when the superior court is closed does not make the statute ambiguous; nor does it suggest that the legislature was unaware that September 1

could fall on a day that the court was closed. If the statute required that an appeal be filed only on September 1, then the plaintiffs' argument might have more merit. The statute, however, provides for the scenario in which the superior court is closed on September 1 by allowing appeals to be filed *on or before* September 1.

New Hampshire follows the majority rule regarding compliance with statutory time requirements, and thus "[o]ne day's delay may be fatal to a party's appeal." *Dermody v. Town of Gilford*, 137 N.H. 294, 296, 627 A.2d 570, 571 (1993). "Specifically, we have held that compliance with the procedural deadline for filing an appeal is a *necessary prerequisite* to establishing jurisdiction in the appellate body. Filing an appeal in a timely manner vests the superior court with subject matter jurisdiction." *Id.* (quotation, citations, and brackets omitted). Because the plaintiffs failed to satisfy the "necessary prerequisite" of filing their appeal by September 1 as prescribed by RSA 76:17, the superior court did not have jurisdiction to hear their appeal and properly dismissed it. *See id.*

■ The plaintiffs contend that the superior court was required to apply Superior Court Rule 12(1), which provides:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by applicable law, the day of the act, event, or default after which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period shall extend until the end of the next day that is not a Saturday, Sunday, or legal holiday . . . .

Even if we assume that Rule 12(1) could be used by the superior court to extend a statutory deadline to appeal, Rule 12(1) would not apply here. Rule 12(1) allows the superior court to extend a particular time period if, in computing the time period, the last day falls on a weekend or a holiday. Determining whether an appeal under RSA 76:17 is timely, however, does not involve the computation of a time period. Instead, RSA 76:17 requires that all appeals be filed on or before September 1, a date certain. Therefore, Rule 12(1) is not applicable.

The plaintiffs' remaining arguments are without merit and do not warrant further discussion. *See, e.g., Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed.*

All concurred.