Merrimack
No. 99-813

### FRANKLIN LODGE OF ELKS

v.

### SALLY MARCOUX & a.

October 12, 2001

*Matthew J. Lahey, P.A.*, of Laconia (*Matthew J. Lahey* on the brief and orally), for the petitioner.

*Seufert Professional Association*, of Franklin (*Robert D. Hunt* on the brief, and *Christopher J. Seufert*, orally), for the respondents.

BROCK, C.J. The petitioner, the Franklin Lodge of Elks (Lodge), appeals an order of the Trial Court (*Manias*, J.) granting the respondents' motion to dismiss for lack of subject matter jurisdiction. We reverse and remand.

The relevant facts follow. The respondents, Sally Marcoux, Terry Bergeron-Hoyt, Renee LaBonte and Jo-Ann LaBonte, successfully argued to the New Hampshire Human Rights Commission (commission) that the Lodge was a place of public accommodation and they were entitled to relief pursuant to RSA chapter 354-A because the Lodge denied them admission based upon their gender. After a hearing, the commission awarded each respondent $10,000 and attorney's fees, and fined the Lodge $24,000. The commission served its order on the Lodge on August 26, 1999.

The Lodge appealed to the superior court pursuant to RSA 354-A:22 (1995) on September 23, 1999. In an order of notice dated September 29, 1999, the superior court directed the Lodge to file a written transcript of the commission's record by November 2, 1999, which the Lodge did. The respondents filed a motion to dismiss, alleging that because the Lodge failed to file the commission's record within thirty days pursuant to RSA 354-A:22, II, the court did not have subject matter jurisdiction. The superior court agreed and dismissed the case.

On appeal, the Lodge contends that RSA 354-A:22 does not require that a written transcript of the commission's record be filed within the thirty-day appeal period. "On questions of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *Phetteplace v. Town of Lyme*, 144 N.H. 621, 624 (2000) (quotation omitted). We begin our analysis by reviewing the statutory language itself. *See id.* If "that language is plain and unambiguous, we need not look beyond the statute for further indications of legislative intent." *Id.* (quotation omitted).

RSA 354-A:22, I, governs judicial review of decisions by the commission. *See Dow v. Sears, Roebuck & Co.*, 143 N.H. 166, 167 (1998). RSA 354-A:22, I, provides in part:

> Any complainant, respondent or other person aggrieved by such order of the commission may obtain judicial review of the order . . . in a proceeding as provided in this section.

RSA 354-A:22, II explains how an appellant may initiate a proceeding in the superior court and provides in part:

> Such proceeding shall be initiated by the filing of a petition in such court, together with a written transcript of the record

upon the hearing before the commission, and issuance and service of an order of notice as in proceedings in equity.

Finally, RSA 354-A:22, IV explains when an appellant must bring his or her appeal to the superior court. RSA 354-A:22, IV provides in part:

A proceeding under this section when instituted by any complainant, respondent or other person aggrieved must be instituted within 30 days after the service of the order of the commission.

New Hampshire follows the majority rule of requiring "strict compliance with statutory time restrictions." *Dermody v. Town of Gilford*, 137 N.H. 294, 296 (1993). Thus, "[c]ompliance with the procedural deadline for filing an appeal is a necessary prerequisite to establishing jurisdiction in the appellate body." *Daniel v. B & J Realty*, 134 N.H. 174, 176 (1991) (quotation omitted); *see Phetteplace*, 144 N.H. at 624.

The petitioner contends that it met the statutory deadline for filing the appeal by filing its appeal document within the thirty-day appeal period. We agree. Although RSA 354-A:22, IV specifically states that the commission's record "shall be available at all reasonable times" for judicial review, it does not require that this record be printed or that a transcript of the record be filed within thirty days. Furthermore, one of the main purposes of RSA 354-A:22 is to provide judicial review of the commission's decision. It would be incongruous to construe the statute, as the respondents propose, as requiring the commission's transcript to be filed within the thirty-day appeal period, because a petitioner would forfeit the right to appeal if the commission failed to prepare the record within that time period. We decline to construe the statute so as to lead to so harsh a result. *See Doggett v. Town of North Hampton*, 138 N.H. 744, 746 (1994). Viewed in its entirety, the statute only requires the petitioner to file the appeal document within the thirty-day appeal period. *See* RSA 354-A:22, II, IV.

In light of our ruling, we need not address other issues raised on appeal.

*Reversed and remanded.*

BRODERICK, NADEAU, DALIANIS and DUGGAN, JJ., concurred.