## HURLBURT *v.* WHEELER.

The decision of the judge of probate, in all matters not strictly interlocutory, is final and conclusive, unless vacated by an appeal therefrom.

The proper time and place to charge an administrator with property belonging to an estate not inventoried or accounted for, are in the probate court on the settlement of his administration accounts.

The question whether or not a deed was delivered, although sometimes of a mixed character, partly of law and partly of fact, is generally one of fact only.

The declarations of an ancestor in relation to his ownership or transfer of property claimed by his heirs, are competent evidence against them, if made against his interest, while he was in possession of all the rights and interest in the property which his heirs undertake to claim through him.

APPEAL from a decree of the judge of probate for this county, made at Littleton, on the third Tuesday of January, 1858, dismissing the petition of the appellants, upon which the appellee had been cited to appear and settle a new and further account, as administrator of Vespasian Wheeler, deceased. Upon the entry of this appeal, July term, 1858, the appellee moved that the same be dismissed, because the appellants had no such interest as entitled them to maintain it; which motion was denied, and the case referred to an auditor, who made his report at the July term, 1859, when the appellants moved that the same be rejected and set aside, for the following reasons:

1. Because he has not reported those facts which bear upon the issue before the court, to wit, whether or not the appellants should be permitted to put the administration bond of the appellee in suit.

2. Because the auditor went beyond his commission, and has stated matters of law as well as of fact, finding that a deed from the intestate to the appellee and his brother Dana Wheeler had been delivered.

3. Because the auditor allowed the appellee to put in evidence the statements of the intestate, which were mere

hearsay, and then refused to permit the appellants to put in his conflicting statements upon the same point upon which they were received when offered by the appellee.

*C. W. & E. D. Rand,* for the appellants.

*Woods & Binghams,* for the appellee.

FOWLER, J.   We have carefully examined the report of the auditor, and are unable to discover any cause for setting it aside.   So far from not reporting facts bearing upon the issue before the court, which is not, as charged in the first objection taken, whether the appellants should be permitted to put the administration bond of the appellee in suit, but, and, as we think, properly, whether the appellee should be required to render and settle a new and further account of his administration, the auditor gives a full and complete history of the case and the relations of the parties thereto, finds explicitly and distinctly that the appellee had accounted for all the property and estate of the intestate which came into his hands, and had paid over the same to the heirs at law, and that the appellants had received, in advance of the settlement in the probate court of the administration account of the appellee, a larger sum as their share of the proceeds of the intestate's estate, than they were legally and equitable entitled to receive; that the settlement with the appellants was made in good faith, without fraud or misrepresentation, by the appellee; the appellants understanding and declaring it to be in full of all their claims against the estate of the intestate; while they obtained more than their full share, by misrepresenting and concealing the facts in relation to certain notes, and the proceedings for the collection thereof, in Vermont.

The original application of the appellants to the probate court, January term, 1856, was for permission to put in suit the bond of the appellee, on the ground that he had

not inventoried or accounted for a large amount of real and personal estate belonging to the intestate. Upon that petition a hearing was had, and its prayer denied, at a probate court holden at Lisbon in March, 1857, and no appeal was taken from the decision. This decision, not being interlocutory, unappealed from, was conclusive upon the appellants in the matter of putting the bond in suit. Comp. Laws, ch. 180, sec. 12; ch. 160, sec. 19; *Mathes* v. *Bennett*, 21 N. H. 188; *Poplin* v. *Hawke*, 8 N. H. 124; *Merrill* v. *Harris*, 26 N. H. 142.

But, if the appeal had been taken, as well from the decision denying permission to bring a suit upon the bond, as from that denying the liability of the appellee to render a further account, the finding of the auditor would be entirely conclusive as to the correctness of both decisions. It shows that the appellee had been guilty of no mal-administration; that he had accounted for all of the estate of the deceased, liable to administration, and paid over to the several heirs their respective proportions thereof, so that there could be no just occasion, either for a suit upon the bond or for requiring a further account.

It is only proper to observe that no action could have been maintained upon the bond for not inventorying and accounting for the estate of the intestate, if a suit had been permitted, without first obtaining a decree in the probate court requiring the administrator to account further, and his failure to do so. The time and place to charge an administrator with property belonging to the estate, not inventoried or accounted for by him, is in the probate court on the settlement of his administration account there. If the heirs, or others interested, think any thing which ought to be accounted for by the administrator has been omitted, the validity of their claim is to be first determined in the probate court. If either party is dissatisfied with the decision of that tribunal, he may bring the cause to this court by appeal, and, if desir-

able, an issue may be here formed and tried by a jury. *Judge of Probate* v. *Briggs*, 5 N. H. 66.

The course of proceeding in the probate court was, therefore, strictly correct, and the appeal of the appellants properly taken upon the only question important under the state of facts which they alleged to exist.

The second objection to the report of the auditor is, that he has found matters of law as well as of fact; inasmuch as he has found that a certain deed of the intestate to the appellee and his brother had been delivered. It is entirely proper for an auditor in cases of this character, and a part of his duty, if they arise, to state conclusions of law as well as of fact, subject to the revision of the court; and if the matter found by the auditor in relation to the delivery of the deed were purely a conclusion of law, there could be no valid objection to it, unless it were erroneously found. But the question whether or not a deed, properly executed, was ever delivered, although sometimes a mixed question of law and fact, is generally, as it seems to have been in this particular instance, one purely of fact, and not of law. 2 Gr. Ev., sec. 297; *Parker* v. *Dustin*, 22 N. H. 424; *Warren* v. *Swett*, 31 N. H. 332; *Ela* v. *Kimball*, 30 N. H. 133.

The third and only remaining objection to the report is, that the auditor permitted the appellee to prove the declarations of the intestate in regard to his ownership of certain property, and his sale thereof, while he refused to allow the appellants to prove conflicting declarations of the intestate upon the same subject.

The appellants claimed certain property as the heirs of the intestate; his declarations, therefore, in relation to his ownership, or transfer and conveyance of this property, were competent to be received against them, if made against his interest, while he was possessed of all the rights in the property which they set up for and claimed under him. But they could not rightfully offer and claim

to have considered by the auditor statements made by the intestate in his own favor, long after the evidence showed him to have transferred all his interest in the property to the appellee and his brother. 2 Phill. Ev. (Cow. & Hill's notes) 646–656, and authorities cited; *Smith* v. *Powers*, 15 N. H. 563; *Pike* v. *Hayes*, 14 N. H. 17; *Hobbes* v. *Cram*, 22 N. H. 150; *Little* v. *Gibson*, 39 N. H. 505.

We think, therefore, the auditor decided correctly in rejecting the deposition of Fanny B. Wood, tending to show declarations of Vespasian Wheeler in his own favor, long after he had conveyed away the property in controversy; and the third objection is overruled.

The motion to set aside the auditor's report being denied, as it is conclusively shown by that report that the judge of probate properly dismissed the petition requiring the appellee to render a further account, because there was nothing remaining to be accounted for by him, the decree of the probate court must be affirmed, with costs to the appellee.

*Decree affirmed, with costs.*