### JUDGE OF PROBATE v. COUCH.

To maintain an action on a probate bond for not accounting, it is necessary to aver and prove a breach of the bond by a neglect or refusal to comply with the order of the probate court to account.

There is no legal breach of duty on the part of an administrator in not paying a claim against an estate decreed to be administered as insolvent, until after the acceptance of the report of the commissioner of insolvency allowing the claim, and an order of the probate court for payment.

To render the refusal of an administrator to pay a claim against the estate a breach of his bond, it must appear that the claim has been established as a legal debt against the estate.

DEBT, upon an administrator's bond. The defendant pleaded performance. The plaintiff replied, first, that the defendant received assets as administrator, and returned an inventory, but did not render an account of his administration to the judge of probate within one year from his appointment as administrator. Second, that the defendant was appointed administrator April 6, 1870; that he took possession of the estate, and returned an inventory May 18, 1870; that the estate was decreed to be administered as insolvent August 3, 1870; that the commissioner of insolvency reported to the probate court March 17, 1871; that the list of claims allowed by him included the claim sought to be recovered in this suit; that the defendant continued his administration until November 14, 1877, when he resigned his trust, and was discharged therefrom; that the personal estate was not sufficient to pay the claims against the estate; and that the defendant did not apply for license to sell real estate to pay the debts. Third, that Adams, the plaintiff in interest, had a claim against the estate, and that the estate was sufficient to pay all claims against it, but the defendant, as administrator, although requested, had never paid the same. Fourth, that personal property to the amount of $1,331.86, and real estate to the value of $10,850, came into the hands of the defendant as administrator; that upon his application the estate was decreed to be administered as insolvent; that the commissioner made his report to the probate court March 17, 1871, allowing claims to the amount of $3,425.27, including the claim of the plaintiff in interest; and that the defendant long continued to be administrator, but never caused the report of the commissioner to be accepted by the judge of probate, or took any measures for that purpose.

To these several replications the defendant rejoined; and the plaintiff demurred to the rejoinders to the first, second, and fourth replications, and an issue was joined on the third, and the questions of law arising upon the pleadings were reserved.

*Stickney* and *Hatch*, for the plaintiff.

*Bartlett* and *Wiggin & Fernald*, for the defendant.

CLARK, J.   The first replication assigns as a breach of the bond that the administrator did not render an account within a year from his appointment.   Failure to account merely is not a breach of a probate bond.   The replication is defective, in that it does not aver that some steps were taken in the probate court to compel an accounting.   The remedy for not accounting is, first, by obtaining an order of the probate court to account; and until such order, and a failure to comply with it, there is no breach of the bond.   *Hurlburt* v. *Wheeler*, 40 N. H. 73, 75; *Judge of Probate* v. *Adams*, 49 N. H. 150; *Gookin* v. *Hoit*, 3 N. H. 392; *Judge of Probate* v. *Briggs*, 5 N. H. 66.

The second replication is bad, because it does not aver that the report of the commissioner of insolvency, allowing the plaintiff's claim, had been accepted by the judge of probate, and an order of payment made, which the administrator, having assets, had failed to comply with.   There was no legal breach of duty on the part of the administrator in not paying the claim, until after the acceptance of the report and an order for payment.

The third replication is defective, in that it does not aver that the claim of Adams, the plaintiff in interest, had been established in any way, so that a refusal of the administrator to pay it would be a breach of his bond.   *Judge of Probate* v. *Locke*, 6 N. H. 396.

The issue joined on this replication is immaterial.   The real issue is, Was there a breach by Couch of his administration bond? The fact that Couch had not paid the Adams note on request did not necessarily involve a failure of duty or a breach of the bond. If the estate was administered in the insolvent course, the failure to pay the note was not of itself a breach of the bond, and the replication should have stated whether the estate was settled as solvent or insolvent; or, the defendant, if he chose, might have rejoined the fact of a settlement in the insolvent course.

. The fourth replication is bad, for the same reasons as the second,—it does not allege any breach of the bond.

*Case discharged.*

FOSTER, J., did not sit : the others concurred.