Strafford County Probate Court
No. 2001-727

IN RE ESTATE OF ROLAND A. BENNETT

Argued: November 6, 2002
Opinion Issued: May 16, 2003

*Wholey & Pelech Law Office,* of Portsmouth (*Bernard W. Pelech* on the brief and orally), for the plaintiff.

*Craig, Wenners, Craig & Capuchino, P.A.,* of Manchester (*Vincent A. Wenners, Jr.* on the brief and orally), for the defendant, James Bennett, administrator of the estate of Roland A. Bennett.

BROCK, C.J. The plaintiff, Constance Morrison, appeals from a decision of the Strafford County Probate Court (*Cassavechia,* J.) denying her an extension of time under RSA 556:28 (1997) in which to file suit against the estate of Roland A. Bennett. We reverse and remand.

Roland A. Bennett died on September 5, 1999. A petition for estate administration, listing real estate worth $40,000 as the sole asset of the estate, was granted on November 9, 1999. On February 3, 2000, the probate court accepted the administrator's inventory, which represented the total value of the decedent's estate as $123,706.90. Of that total, $100,000 was the value of real estate and $23,706.90 was the value of the decedent's personal estate. The personal estate consisted of household furnishings and wares, four motor vehicles, two utility trailers, a snowmobile, sporting equipment and cash.

In August 2000, the administrator filed a motion and license to sell real estate to pay demands, representing that the debts against the estate totaled $387,109 and assets totaled $23,706.90, for a deficit of $363,402.10. The debts included a first mortgage to Seasons Mortgage Group, Inc. for $64,569 and a second mortgage to the plaintiff for $315,000. The motion was granted and the administrator sold the real estate for $100,000 on December 1, 2000. The debt to Seasons Mortgage was paid in full. Based upon the administrator's inventory indicating that the estate had no

additional funds, the plaintiff discharged her mortgage and was paid $31,033.50.

On April 3, 2001, the first and final account filed by the administrator showed $63,887.45 of personal estate not previously inventoried. This consisted primarily of an annuity which the administrator claims that he first learned "was payable to the estate and not a named beneficiary" in mid-December 2000. On June 23, 2001, the administrator filed a motion for order of distribution of $66,380.94 to the children of the decedent. The plaintiff objected, claiming that the motion was premature in that the estate still owed her in excess of $200,000.

The court, apparently treating the plaintiff's objection as a petition pursuant to RSA 556:28, held a hearing on offers of proof at which the administrator argued that the plaintiff's claim was time-barred pursuant to RSA 556:5. The court found that the plaintiff's failure to file suit within the statutory one-year period constituted "culpable neglect," allowed the first and final account and granted the motion for distribution.

On appeal, the plaintiff argues that the court erred in finding her chargeable with culpable neglect. She asserts that she failed to file suit within one year because she relied on the administrator's representations that the estate was insolvent and that there were no additional assets to pay debts. The defendant argues that because the administrator made no misrepresentations and the plaintiff made a calculated decision not to file suit, there was no error in the court's ruling.

RSA 556:5 (1997) provides that: "No suit shall be maintained against an administrator for any cause of action against the deceased, unless it is begun within one year next after the original grant of administration . . . except in cases . . . provided for by . . . RSA 556:28." Titled "Extension of Time," RSA 556:28 provides that:

> Whenever any person has a claim against the estate of a deceased person, which has not been prosecuted within the time limited by law, such person may apply to the court having subject matter jurisdiction over the nature of the claim, by petition setting forth all the facts; and if the court shall be of the opinion that justice and equity require it, and that the claimant is not chargeable with culpable neglect in not bringing or prosecuting his or her suit or claim within the time limited by law, it may extend the time for filing and prosecuting the claim to a date certain . . . .

See Cass v. Ray Ex'r, 131 N.H. 550, 552 (1989) (estate creditors who fail to file notice of claim and demand within six months of the grant of administration or fail to file suit within the following six months may petition the court for an extension pursuant to RSA 556:28).

"The very purpose of RSA 556:28 is to allow certain claims despite a party's failure to meet other statutory requirements." *Stewart v. Farrel*, 131 N.H. 458, 462 (1989); *see Skrizowski v. Chandler*, 133 N.H. 502, 503 (1990) (RSA 556:28 provides the only exception to the requirements of RSA 556:5). "[A]ction may be brought under [RSA 556:28] if justice and equity require it and the plaintiff's neglect to comply with the statutory requirements is not culpable." *Emerson's Sons v. Cloutman*, 88 N.H. 59, 61 (1936). "The statute by its terms creates an equitable remedy." *Mitchell v. Smith*, 90 N.H. 36, 40 (1939).

"Culpable neglect has been defined to be that which is censorious, faulty or blamable." *Id.* at 38. "It signifies a lack of due diligence. If no good reason, according to the standards of ordinary conduct, for the dormancy of the claim is found, the claim must be disallowed, although otherwise 'justice and equity' sustain it." *Id.* "But if such reason is found, culpable neglect as a presumptive bar has been disproved." *Id.* Culpable neglect "is less than gross carelessness, but more than the failure to use ordinary care, it is a culpable want of watchfulness and diligence, the unreasonable inattention and inactivity of creditors who slumber on their rights." *Coffey v. Bresnahan*, 127 N.H. 687, 693 (1986) (quotations omitted). " 'Culpable' means not only 'criminal' but 'censurable'; and when the term is applied to the omission by a person to preserve the means of enforcing his own rights, 'censurable' is more nearly an equivalent." *Mitchell*, 90 N.H. at 38. "Whether conduct in a particular case constitutes culpable neglect is a question of fact for the trial court." *Cass*, 131 N.H. at 553. "Like other findings of fact, a finding as to culpable neglect can be set aside on appeal only if it is unsupported by the evidence or erroneous as a matter of law." *Id.*

■ The plaintiff provided timely notice of her claim in accordance with the requirements of RSA 556:2 and :3. The plaintiff failed, however, to file suit against the estate within the one-year period provided in RSA 556:5 because during the year following the administrator's appointment, he consistently represented that the estate had no additional assets. Indeed, as the trial court's order states:

> At the time the motion for license to sell real estate to pay demands was filed, the estate was clearly illiquid and insolvent, as the personal estate and the value of the real estate together were far less than the outstanding obligations of the estate. So far as the court is aware, only Constance Morrison's claim has not been fully paid and satisfied.

In April 2001, the administrator listed a previously undisclosed annuity for the first time in his final accounting. Although the administrator indicated in an affidavit that he first became aware that the annuity was payable to the estate rather than to an individual approximately one month after the one-year statute of limitations had run, this information was not made public until four months later. In the face of repeated assertions by the administrator that the estate lacked additional assets with which to satisfy its obligations, the plaintiff cannot be blamed for failing to file suit. We will not conclude that the failure to file suit is tantamount to a waiver of the claim when a creditor's belief in the value of his or her security was a mistaken one, and the mistake was not attributable to the creditor's fault. *Mitchell*, 90 N.H. at 39. "A mistake of fact not due to the party's own fault may overcome the presumption of culpable neglect." *Id.*

We hold under the facts and circumstances of this case that the plaintiff's reasonable reliance on the representations of the administrator provides an "adequate reason" to explain why she did not file suit within one year. *Id.* at 38. Evidence of a mistake of fact can "provide good reason for the dormancy of a claim." *Cass*, 131 N.H. at 554; *see Mitchell*, 90 N.H. at 39-40 (creditor's mistaken belief that his claim was sufficiently secured by mortgage was adequate to support finding of no culpable neglect); *Vanni v. Cloutier*, 100 N.H. 272, 275 (1956) (no culpable neglect where plaintiff erroneously believed the administratrix would not require demand). The mistaken belief in the value of the estate was not attributable to the plaintiff's fault and "overcome[s] the presumption of culpable neglect." *Mitchell*, 90 N.H. at 39.

Furthermore, the administrator's affidavit merely states that he became aware that the annuity was payable to the estate rather than an individual in December 2000. No logical inference may be drawn regarding the administrator's knowledge of the existence of the annuity prior to that time. It would be unjust and inequitable to prejudice a creditor who relies upon incomplete information, however innocently provided, and then conclude that the creditor's reliance upon the administrator's assertions amounts to culpable neglect.

Having considered the record before us, we conclude that the trial court's decision that the plaintiff's failure to bring suit constituted culpable neglect was not supported by sufficient evidence and was erroneous as a matter of law. Justice and equity require that the case be remanded for the trial court to "extend the time for filing and prosecuting the claim to a date certain." RSA 556:28.

*Reversed and remanded.*

BRODERICK, DALIANIS and DUGGAN, JJ., concurred; NADEAU, J., dissented.

NADEAU, J., dissenting. I believe the requirement under RSA 556:5 (1997), which requires creditors to file suit against an estate within one year of the appointment of the administrator, applies irrespective of the administrator's reported value of the estate assets inventoried and accounted for during the first year. Furthermore, I believe failure to file as required by statute constitutes culpable neglect, see RSA 556:28 (1997), because the plaintiff should not have relied upon the administrator's reported value of estate assets until the final accounting was filed, see RSA 554:26 (1997).

I believe that an administrator's inability to discover and account for all estate assets within the first year of estate administration is not a good reason, by itself, for a creditor to slumber on its rights by failing to file suit as required by the statute. Such creditor delays, by waiting to see if the estate holds sufficient assets to satisfy their claims, only prevent the orderly administration and settlement of estates and are contrary to the purpose of our probate laws. See, e.g., Cass v. Ray, Ex'r, 131 N.H. 550, 554-55 (1989).

RSA chapter 554 dictates how an administrator of an estate must inventory, account for and deal with all estate assets. Within ninety days of appointment, the administrator must file an inventory with the probate court, itemizing all assets of the estate that are known at that time. See RSA 554:1 (1997 & Supp. 2002). The administrator is then charged accountable for all estate assets, whether or not they were inventoried, see RSA 554:6 (1997), and must file an annual accounting of their administration, see RSA 554:26 (1997). A probate court may excuse an administrator from filing these accountings, though, for up to three years. See id. Administrators, however, should attempt to settle estates as soon as possible by filing notice of a final accounting in the probate court and sending notice to all beneficiaries, legatees and heirs. See id.

At any time before the final accounting is filed, an administrator may correct or update the value of estate assets. See, e.g., Judge of Probate v. Lane, 51 N.H. 342, 347-48 (1871); Hurlburt v. Wheeler, 40 N.H. 73, 75 (1860). Thus, if a creditor thinks any estate asset may have been omitted or mistakenly valued, it should petition the probate court for an updated accounting. See Hurlburt, 40 N.H. at 75; see also Judge of Probate v. Couch, 59 N.H. 39, 40 (1879). Likewise, a diligent creditor who knows the final accounting cannot be filed until the full value of all estate assets and liabilities is known, would file suit as early as possible to secure a priority

interest in the future assets of the estate, and to preserve a claim in the event of a potential maladministration.

The statutory filing requirements at issue in this case depend neither upon the reported estate assets nor the estate value. *Compare* RSA 556:5 *and* RSA 556:28 *with* RSA ch. 557 (1997) (Insolvent Estates) *and* RSA 556:8 (1997) (Effect of Insolvency). Thus, I believe a creditor cannot justifiably rely upon any reported value until the final accounting is filed by the administrator and approved by the court. A creditor should know that when it does not have a secured interest, it must preserve its rights within the time limits established by law.

While I agree with the majority that the result in this case is unfortunate, it is neither inequitable nor unjust, and it does not entitle the plaintiff to an extension of time to file suit. *Cf.* RSA 556:28. After the decedent's real estate was sold, the plaintiff accepted partial payment of her claim and chose not to file suit. On these facts, the probate court found the plaintiff made a "reasoned and calculated decision not to file suit ... because she may have reasonably assumed the effort, costs and expense were not justified based on the facts as she then knew or understood them. ... [H]er failure to exercise her right constitutes culpable neglect." These factual findings are supported by the evidence and are not erroneous. *See* RSA 567-A:4 (1997).

Contrary to the majority's opinion, this plaintiff was never mistaken about the value of her security. *Cf. Mitchell v. Smith*, 90 N.H. 36, 39 (1939). The plaintiff gave the decedent a $315,000.00 mortgage on property worth $100,000.00, which was already encumbered by a mortgage in the amount of $65,000.00. Thus, the plaintiff had security for approximately $35,000.00, for which she received almost $32,000.00 when the property was sold.

Likewise, the plaintiff was never mistaken about the solvency of this estate. This estate was insolvent both before and after the decedent's real estate was sold because the decedent's outstanding debts exceeded the value of his estate assets. *See* RSA 545-A:2, I (1997). This estate also was insolvent after the annuity was disclosed because the approximately $283,000.00 debt remaining due to the plaintiff still exceeded the approximately $66,000.00 value of the annuity and other assets remaining in the estate for distribution. *See id.*

I believe a creditor's failure to file suit in a timely manner constitutes culpable neglect unless it is caused by some misrepresentation or other conduct by an administrator, which is not present in this case. Because the probate court's findings are both reasonable and supported by the evidence in this case, respectfully, I dissent.