Hillsborough,
No. 4952.

H I K CORPORATION *v*. MANCHESTER & *a*.

Argued June 6, 1961.

Decided June 30, 1961.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Joseph F. Devan* (*Mr. Devan* orally), for the plaintiff.

*J. Francis Roche,* city solicitor (by brief and orally), for the city of Manchester.

*Broderick, Manning & Sullivan* and *Booth, Wadleigh, Langdell, Starr & Peters* (*Mr. Manning* orally), for Sibarco Corporation.

WHEELER, J. Upon an appeal from the zoning board of adjustment the appellant is not entitled to a trial *de novo* "and the order or decision appealed from shall not be set aside or vacated, except for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that said order or decision is unjust or unreasonable." RSA 31:78; *Jadda* v. *Manchester,* 100 N. H. 150, 151; *Gelinas* v. *Portsmouth,* 97 N. H. 248.

The plaintiff contends that the issuance of the permit to Sibarco on October 26, 1960 by the superintendent of buildings to erect a

three-bay service station under section 5(a), (6) and (7) of the zoning ordinance was unlawful in the absence of the consent of certain specified property owners defined under section 14 (5). The defendants contend that compliance with said section 14 (5) is unnecessary since Sibarco is entitled to its permit under said section 5(a), (6) and (7), which permit a "garage in which business of repairing is not conducted . . . " and "any other retail business or service not involving any manufacture on the premises . . . . " The defendant Sibarco does not intend to repair motor vehicles but only to operate a service station and contends that subsection (7) clearly permits any other retail business or service not involving manufacture on the premises.

In *Jadda* v. *Manchester, supra,* this court found the permit sustainable as a variance and hence it was unnecessary to decide whether the requirements of s. 14 (5) should have been met before issuing the permit to erect a service station. In *Shell Oil Co.* v. *Manchester,* 101 N. H. 76, the plaintiff contemplated making minor repairs and had complied with the provisions of said section 14 (5). The court there held that this section "set up a special exception" and that the permit was properly issued thereunder. In the case before us defendant Sibarco points out that a filling station is "not in essence a garage" since no repairs to motor vehicles are contemplated and the proposed use of the premises is for the principal purpose of selling gasoline and other petroleum products. Such other services as wiping windshields, putting air in tires and related acts are incidental to its principal business.

Section 14 (5) of the ordinance distinguishes a garage from a filling station; and the definition of "garage" found in the building code tends to confirm this distinction. See section 11 of the zoning ordinance.

Since Sibarco does not seek authority to erect a garage, nor the right to conduct the "business of repairing" or to store "more than one commercial automobile," its application is governed by subsection (7) of section 5(a) rather than subsection (6) thereof.

The superintendent of buildings could properly find that the applicant sought permission to erect a building for use as an "other retail . . . service not involving any manufacture on the premises" within subsection (7). Issuance of the permit implied a finding by the board that the proposed use would not be "injurious, noxious or offensive to [the] neighborhood" (s. 5(a)), since such uses are prohibited.

Whether the pending appeal by the plaintiff may be sustained by the Superior Court depends upon whether the record before the board, together with such other evidence as may be received by the Court, persuades the Court by the balance of probabilities that the order of the board was unjust or unreasonable. RSA 31:78, 82.

Since a permit could properly be issued under s. 5 (a) (7) of the ordinance, the provisions of s. 14 (5) by which the board is authorized by special exception to permit a "filling station . . . otherwise excluded" would have no application in this case.

Another issue presented is whether the motion for rehearing was seasonably filed, in compliance with RSA 31:74, requiring it to be filed "within twenty days after" the decision of the board. Since the decision was made on January 9, 1961 the plaintiff had to and including January 29 in which to file its motion. RSA 21:35. The motion was filed however on January 30, the preceding day having been a Sunday. In view of the recognized principle that when the terminal day of a time limit falls upon Sunday that day is to be excluded from the computation (86 C.J.S. Time, s. 14(2)), we consider the motion was seasonably filed.

*Remanded.*

All concurred.