**Wade SHIVERDECKER, Appellant,**

v.

**ZONING BOARD OF ADJUSTMENT OF FULTON, Missouri, Respondent.**

No. 23352.

Kansas City Court of Appeals.

Missouri.

Nov. 6, 1961.

John M. Cave, T. E. Lauer, Fulton, Don C. Carter, Sturgeon, for appellant.

Clyde M. Burch, Fulton, for respondent.

MAUGHMER, Commissioner.

This is an appeal from the judgment of the Circuit Court of Callaway County, affirming a decision of the Board of Zoning Adjustment for the City of Fulton, Missouri.

The property involved is a lot located at 404 N.E. 8th Street in Fulton. This lot has a frontage of 50 feet, a depth of 75 feet and contains 3,750 square feet. Although the record here includes neither the zoning ordinance nor the date of its enactment, it is clearly conceded and admitted by both parties that at all times here in question, this property was in an area zoned for one-family dwellings and requiring a minimum area of 5,000 square feet.

Chapter 89, V.A.M.S., Zoning and Planning—Municipalities in Counties of 10,000 is applicable here. Section 89.090, subd. 1 (3) Board of adjustment—powers—authorizes the Board—"In passing upon appeals, where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance, to vary or modify the application of any of the regulations or provisions of such ordinance relating to the use, construction or alteration of buildings or structures or the use of land so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done".

More than thirty years ago this tract was the "back yard" of a lot 75 feet by 117.5 feet owned by one Lester Sims and upon which a house had been erected. Thereafter Lester Sims died and in May, 1959, his son conveyed the 50 foot strip to Mrs. Suzie Williamson, who shortly thereafter sold it to appellant Wade Shiverdecker, a building contractor.

On September 10, 1959, Mr. Shiverdecker applied for a building permit authorizing him to construct a one-family dwelling thereon. In his application and apparently in good faith, he described and represented the lot as being 75 feet by 117.5 feet in size. Responsive to this application, Paul S. Worsham, City Building Inspector, issued the permit and appellant began construction. Mr. Worsham soon after issuing the permit went onto the premises, measured the lot and determined its size was only 75 feet by 50 feet. He so advised appellant, withdrew the permit, requested stoppage of the construction and denied appellant's re-

quest for a variance waiving the 5,000 square foot area minimum as required under the ordinance. Mr. Shiverdecker declared that he had already expended the sum of $1,830.50 on this project, including $800 for the lot; abstract, $62.50; lumber, $521; concrete blocks, $105; cost of setting blocks, $142; building permit, $5; labor, $120, and concrete footings, $75.

Appellant appealed from the decision of the Building Inspector to the Board of Zoning Adjustment. A hearing was held and the request for the variance was denied. We set forth the exact findings and ruling of the Board:

"The Zoning Board of Adjustment rules in this case that the requested variance shall be denied. After hearing all of the evidence, it is the opinion of the Board that any hardship or practical difficulty existing in this case is self-created by the owner or his predecessors in title and that the granting of a variance would be contrary to the spirit and general purpose of the City Zoning Ordinance.

"It is the opinion of the Board that the granting of a variance in this case would amount to a legislative repeal of the ordinance requiring a minimum square footage for residential lots, which the Board finds is in excess of its discretionary powers. In the exercise of its administrative discretion, the Board rules and determines that the appeal and request for a variance be and the same is hereby denied".

By certiorari the matter reached the Circuit Court. That court affirmed the order of the Board and entered judgment accordingly.

On appeal three points are presented: First. It was error to affirm the Board's finding that "Any hardship or practical difficulty * * * is self-created by the owner or his predecessors" and such finding is not supported by the evidence or by law. Second. The finding that "The granting of a variance would be contrary to the spirit and general purpose of the * * * ordinance" is not supported by the evidence or by law. Third. The Board's finding that "The granting of a variance * * * is in excess of its discretionary powers" is not supported by the evidence or by law.

We are here required to review the decision of an administrative tribunal. Many decisions discuss the scope of such review and in Carlyle-Lowell, Inc. v. Ennis et al., Mo.App., 330 S.W.2d 164, 168, this court summarized such scope in this language:

"Those decisions hold that the reviewing court may not substitute its own judgment on the evidence for that of the administrative tribunal. But it is authorized to decide whether such tribunal could have reasonably made its findings and reached its result, upon consideration of all of the evidence before it; and to set aside decisions clearly contrary to the overwhelming weight of the evidence."

It seems to us that the written findings of the Board deny appellant's appeal upon four grounds: 1. Any "hardship or practical difficulty" was created by the owner or his predecessors in title. Until May, 1959 (long after the effective date of the Zoning Ordinance), this tract was part of a lot containing more than 5,000 square feet. It would seem, therefore, that there was evidence that the situation was self-created. 2. "Granting of a variance would be contrary to the spirit and general purpose of the City Zoning Ordinance". 3. "Granting of a variance in this case would amount to a legislative repeal of the ordinance requiring a minimum square footage for residential lots, which the Board finds is in excess of its discretionary powers". We believe it is unnecessary in this case to explore and discuss the ramifications of the laws and precedents respecting these grounds numbered 2 and 3. 4. "In the exercise of its administrative discretion, the Board rules and determines that the appeal and request for a variance be and the same

**46**

is hereby denied". Although the Board in holdings numbered 2 and 3 questioned and possibly even denied its authority to exercise discretion, it nevertheless went ahead in No. 4 and in the exercise of such discretion, denied the variance sought.

 Neither this court nor the Circuit Court may try the matter de novo or substitute our judgment for that of the administrative tribunal. If there was substantial credible evidence to support the finding and if the result reached could reasonably have been reached, we are without authority to disturb the finding unless it was clearly contrary to the overwhelming weight of the evidence. As stated by Yokley Zoning Law and Practice, 2d Ed., Vol. 1, Sec. 142, p. 350:

> "In determining whether to authorize a variance from the terms of the zoning ordinance because of special conditions making enforcement of the ordinance inequitable, the board of appeals is vested with a wide discretion and the courts will not interfere with that discretion unless it is abused".

 Clearly appellant's lot contains only three-fourths of the minimum area required by the ordinance. It was definitely established that the appellant and his predecessor in title (the only persons who ever owned this particular lot) first bought it in 1959, long after the ordinance became effective. We must and do conclude that there was evidence from which the Board could reasonably reach its findings which we have designated 1 and 4. Specifically, appellant's difficulty or hardship was self-imposed and one of the basic functions of the Zoning Board is to determine or "exercise its discretion" as to whether or not a variance should be granted in such a case where clearly its granting would violate the letter if not the spirit of the ordinance.

We have read the New York, Michigan and California cases cited by appellant and are not therefrom persuaded otherwise.

The judgment of the Circuit Court affirming the order of the Board of Zoning Adjustment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court. All concur.