**Margaret WILLIAMS et al., Appellants (Objectors below),**

v.

**The ZONING ADJUSTMENT BOARD OF the CITY OF LARAMIE, Appellee.**

**No. 3162.**

Supreme Court of Wyoming.

July 2, 1963.

G. R. McConnell and Walter Scott, Laramie, for appellants.

Thomas S. Smith, City Atty., and John F. Sullivan, Laramie, for appellee.

Before PARKER, C. J., and HARNS-BERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The appellants in this case are objectors to the granting of a building permit in the City of Laramie, to J. D. McNiff, for the rebuilding and enlargement of his grocery store. The appellee is the Zoning Adjustment Board of The City of Laramie. The ultimate question raised for our decision is whether, on appeal from the board's action to the district court, there should have been a trial de novo with Mc-Niff having the burden to prove by a preponderance of the evidence that he was entitled to the permit sought by him.

It is not disputed that the permit sought required authorization for a variance from the terms of an existing zoning ordinance, because the new enlarged building constituted an extension of a nonconforming use. Concerning such a variance, § 15–626(3), W.S.1957, grants the following power to city zoning boards of adjustment:

"To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

Also, Laramie, Wyo., Rev. Ordinances Ch. 18, Art. 2, § 18.201(d)3 (1947), provides the adjustment board shall have power:

"To authorize * * * such variance from the terms of this Chapter as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of this Chapter will result in unnecessary hardship, and so that the spirit of this Chapter shall be observed and substantial justice done * * *"

The City Engineer had no authority to grant an extension. Therefore, he denied the application for a permit and advised the applicant of his right of appeal to the adjustment board. Such an appeal was taken.

Parties seem to agree that the City of Laramie adopted its zoning ordinance October 2, 1945; that McNiff's property is within a residential district; that he proposes to tear down his existing store building and rebuild it entirely, at the same time enlarging it; that the enlargement will cause the structure to extend onto a portion of the same lot which has not heretofore been occupied by the store building, and which is owned by McNiff's wife; also that the portion of the lot owned by the wife is now and has for some time been vacant property. At one time there was an apartment building on this property, but it burned down several years ago.

The store here involved was in existence at the time Laramie's original zoning ordinance was passed, and Ch. 18, Art. 3, § 18.311, of the ordinance provides: "The lawful use of a building existing on the effective date of this Chapter * * * may be continued, although such use does not conform with the provisions of this Chapter."

The same section specifies that no nonconforming use shall be "extended" so as to displace a conforming residential use. From the written opinion and order of the adjustment board, it is apparent the board considered the use of the store building a nonconforming use, and one which would be "extended" by issuance of the permit. It found, however, that the extended use would not displace a conforming residential use, and it authorized the variance which the proposed extension necessitated.

### Matter of Trial De Novo

With respect to the suggestion that the appeal from the adjustment board to the district court results in a trial de novo, we think an examination of the provisions for appeal, as contained in § 15–626, W.S.1957, will shed light on the subject.

In the first place it is provided therein that the decision of the board of adjustment

may be "reviewed" by the district court upon an appeal thereto. Then follows the procedure for obtaining such a review. Concerning the matter of evidence, this is provided:

> "* * * If upon such hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law which shall constitute a part of the proceedings upon which the determination of the court shall be made. * * *"

A provision follows the foregoing to the effect that the court may reverse or affirm or modify the decision brought up for review, and it is expressly required that the judgment of the court shall "confirm, correct, modify or annul" the decision appealed from. To the same effect is Rule 72(b), W.R.C.P., which provides that a final order made by a board exercising judicial functions may be reversed, vacated or modified by the district court.

There is nothing in any of these provisions to indicate a duty on the part of district courts to retry, at trial de novo, matters passed upon by zoning adjustment boards. Indeed the requirements for review and for reversing, affirming or modifying the decision of the board affirmatively suggest the opposite. Moreover, the express permission granted to the court to take or not take evidence at its discretion entirely negatives the idea of a trial de novo, since there could never be a trial de novo without the receipt of evidence.

Appellants rely solely on In re McInerney, 47 Wyo. 258, 34 P.2d 35, as far as precedent in this jurisdiction is concerned, and state it would appear from the decision therein that our court has determined that the district court's function in an appeal of this type is to try the issue on the facts de novo. We cannot agree such

an inference is warranted from the McInerney case.

Justice Riner, as author of the McInerney opinion stated at 34 P.2d 41, it may well be the so-called appeal from the board of adjustment to the district court may be regarded simply as a method of invoking the original jurisdiction of that court. What he meant by this statement is indicated in the quotations which he employed in leading up to the statement.

In these quotations the term "appeal," as used in statutes similar to § 15-626, was characterized as only a means of getting the controversy before a court; as not an appeal in the sense of a transfer of jurisdiction from one court to another, but simply a process, under the misleading name of appeal, for invoking the judicial power to determine a legal injury complained of; as a mode of removing the cause from an administrative to a judicial tribunal, when it is claimed a legal right has been denied; and as an original application to a court to exercise its "judicial" power in respect to acts done by the administrative tribunal in excess of its power, or in the unlawful abuse of that power.

We find nothing in the opinion of Justice Riner which would suggest that the trial in district court, on appeal from an adjustment board, should be a trial de novo. On the contrary, it seems clear to us the decision in the McInerney case contemplated, as the statute does, that the court has only the duty to review for the purpose of determining whether the acts done by the administrative tribunal were in excess of its power, or in the unlawful abuse of that power. In the event the action complained of should be found to be arbitrary or illegally exercised, then and only then would the court vacate, reverse, correct or modify.

It is laid down in 58 Am.Jur., Zoning, § 255, p. 1074, that upon review of the determination of a zoning board upon an application from a variance or exception, the court is ordinarily held not to be authorized to

try the case de novo.[1] We would add to this statement also that the court is ordinarily held not to be privileged to substitute its judgment for that of the administrative tribunal.[2]

## Burden of Proof

■ Having settled the proposition that the procedure on appeal from the adjustment board to the district court is not a trial de novo, under the applicable statute in this state, we pass to the contention that the applicant for a permit still had the burden, in district court, to prove the order of the board was properly made. This contention seems to be unsupported by any substantial authority.

In Annotation 168 A.L.R. 13, 146, there is said to be general agreement on the proposition that, upon review of the determination of a zoning board with respect to an application for a variance, there is a prima facie presumption the "power and discretion" of the board have been properly exercised.

■ In keeping with the general rule that, in the absence of evidence to the contrary, public officers will be presumed to have properly performed their duties and not to have acted illegally, decisions of zoning boards of adjustment as to exceptions and variations are regarded as presumptively fair, reasonable and correct; and the burden is upon those complaining thereof to show that the board acted improperly. 58 Am.Jur., Zoning, § 256, pp. 1074–1075. See also Ciaffone v. Community Shopping Corp., 195 Va. 41, 77 S.E.2d 817, 821, 39 A.L.R.2d 757.

In the case at bar, the parties protesting McNiff's permit offered certain evidence to the district court. Attorneys for the adjustment board and for McNiff objected to the receipt of this evidence. The court reserved its ruling on the objections and allowed the proffered evidence to be received.

In doing so, however, it was made clear that the court was not requiring or requesting the testimony which was being offered.

At the close of the evidence the objections to its introduction were renewed. As we read the record, the court did not expressly strike the testimony or rule directly on the objections. Instead, it found there was in any event an absence of proof that the board had abused its discretion. The court further found that the adjustment board was authorized by law to grant specific variances and ruled that the court could not substitute its judgment for the judgment of the board on the question as to whether the variance should or should not have been authorized.

■ Appellants claim the enlargement of McNiff's store violates the spirit, purpose and intention of the zoning laws of the City of Laramie. That, however, is a matter of opinion which in this instance was addressed to the sound discretion of the adjustment board. As long as our state statute authorizes exceptions and variances to be made, we cannot if we would prevent them from being made, unless the board's discretion is abused.

If there was any illegal action or abuse of discretion in granting applicant's permit, the protestants should have come forward with concrete evidence thereof. Instead, they take the position the applicant was obligated to show that the board acted for the public interest and in keeping with the spirit and purpose of the ordinance. What we have said, we think, adequately demonstrates that protestants were wrong in assuming such a burden of proof was upon the applicant in the district court review.

■ Under the circumstances, the district court was correct in confirming the action of the adjustment board, and we must affirm the judgment of that court.

Affirmed.

1. See H I K Corporation v. City of Manchester, 103 N.H. 378, 172 A.2d 368, 369; Crivello v. Board of Adjustment of Borough of Middlesex, D.C.N.J., 183 F.Supp. 826, 828; and Conery v. City of Nashua, 103 N.H. 16, 164 A.2d 247, 250.

2. Shiverdecker v. Zoning Board of Adjustment of Fulton, Mo.App., 351 S.W.2d 43, 46; Bourke v. Foster, Mo.App., 343 S.W. 2d 208, 211; and Huguley v. Board of Adjustment of City of Dallas, Tex.Civ. App., 341 S.W.2d 212, 218.