Rockingham
No. 2001-587

## IN RE P. CHILDREN

Argued: November 7, 2002
Submitted: December 16, 2002
Opinion Issued: February 14, 2003

*Philip T. McLaughlin,* attorney general (*Laura E.B. Lombardi,* attorney, on the brief and orally) for the State.

*Cazden Law Office,* of Manchester (*Elizabeth Cazden* on the brief and orally), for the respondent, V. P.

## MEMORANDUM OPINION

BROCK, C.J. The respondent, V.P., appeals the decision of the Superior Court (*Hollman,* J.) finding that she neglected her six youngest children. *See* RSA 169-C:3, XIX(b) (2002). We affirm.

The petitioner, the New Hampshire Division for Children, Youth and Families (DCYF), filed six neglect petitions in the Derry Family Division after the police searched the respondent's home and seized a substantial quantity of illegal drugs. Charges were filed by the police against the respondent's two oldest children, who were sixteen and seventeen at the time of the search. The petitions alleged that the respondent's six youngest children had been subjected "on an ongoing basis to drug dealings and possible usage" and "as a result, [their] physical and mental and educational needs have suffered." The attached affidavit described the results of the search and averred that the children "are in imminent danger is [*sic*] returned to the home in that they are likely to suffer harm. The large quantity of drugs found on the premises clearly implies risk to these children." The family division dismissed the petitions; DCYF then appealed to superior court. *See* RSA 169-C:28 (2002).

At the close of DCYF's case, the respondent moved to dismiss the petitions. In denying her motion, the trial court stated:

> Now there really has been no evidence that the children's physical needs have suffered. There is no evidence that the children's mental needs have suffered. And there is no evidence that the children's educational needs have suffered. So insofar as that allegation is concerned, I find there is really no evidence to support that allegation.

The respondent thereafter presented her case. After the presentation of all evidence, the court found that the children were neglected. *See* RSA 169-C:3, XIX(b).

On appeal, the respondent contends that: (1) the trial court erred because it not only failed to find that the children's physical, mental, emotional or educational development had suffered or that the children had suffered any harm, but it also ruled that DCYF had failed to introduce sufficient evidence to support either finding; (2) the court's finding that the children were in the presence of drug use and drug sales cannot be considered a *per se* finding that they were "without proper parental care or control" and thus neglected; and (3) the trial court's finding of pervasive and ongoing drug activity was unsupported by the evidence.

We will uphold the findings and rulings of the trial court unless unsupported by the evidence or tainted by error of law. *See In re Craig T.,*

144 N.H. 584, 585 (1999). We turn first to the construction of RSA 169-C:3, XIX(b). RSA 169-C:3, XIX(b) defines a "neglected child" as one

> [w]ho is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental or emotional health, when it is established that his health has suffered or is very likely to suffer serious impairment; and the deprivation is not due primarily to the lack of financial means of the parents, guardian or custodian.

The respondent contends that absent any evidence of harm, no finding of neglect can be made under the provisions of RSA 169-C:3, XIX(b). The State asserts, however, that RSA 169-C:3, XIX(b) provides three specific examples of neglect which do not require a finding of harm, followed by a general category "for any other set of circumstances that would constitute neglect as a result of harm or likelihood of harm to the child."

We will assume without deciding that a finding that a child is neglected under RSA 169-C, XIX(b) requires a determination that the child's health has suffered or is very likely to suffer serious impairment. Given our conclusions below, we need not decide this issue in order to resolve this appeal.

The respondent contends that the trial court erred in finding neglect based solely upon the presence of illegal drugs in the home. The respondent's argument might have merit had the trial court's findings been limited solely to the presence of illegal drugs in the home. We disagree, however, with this limited characterization of the court's findings and analysis.

The trial court based its determination of neglect on its finding of the pervasiveness of drugs within the respondent's household, the continuing and ongoing nature of the drug activity, and the children's unfettered access to the dangerous and illegal drugs. On the day of the search, the police found the respondent's five-year-old daughter upstairs in her bedroom; neither of the two unrelated adults present downstairs at the time of the search was aware of her presence. In addition to noting the variety and quantity of the drugs seized by the police and the evidence of monetary transactions apparently involving drugs, the trial court found that the drugs were found in a multitude of locations within the home and that the respondent "knew of and condoned the use and sale of these drugs in her home." After finding that she allowed her six youngest children "to be exposed to such use and sale as acceptable activity," the trial court found that "due to the lack of proper parental care or control by [the

respondent], the children essentially had unfettered access to dangerous and illegal substances."

■ We note that the trial court did not make a specific finding that the children had been harmed. Nevertheless, because the court's findings compel a determination that the health of the children was likely to suffer serious impairment, we affirm its finding of neglect. *Cf. Echo Consulting Services v. North Conway Bank*, 140 N.H. 566, 569 (1995) (affirming decision of trial court when correct result reached on erroneous grounds and valid alternative grounds exist to reach it).

■ The respondent also contends that the trial court's finding of pervasive and ongoing drug activity was not supported by the evidence. We disagree. DCYF presented evidence that the police had conducted surveillance of the respondent's home for several weeks prior to obtaining a search warrant and observed extensive traffic in and out of the home; the period of time between entry and exit was only a few minutes. In addition to an informant's statement that drugs were being sold on the premises, the police checked license plates of the vehicles observed at the house and determined that some of the vehicle owners had drug histories.

The evidence observed during the search indicated the use and accumulation of drugs had occurred over time. The evidence was seized from several locations in the home. The large amount and the variety of drugs seized as well as the money and notebook with entries consistent with drug transactions also support the trial court's finding that the drug activity was pervasive and ongoing.

*Affirmed.*

BRODERICK, NADEAU, DALIANIS and DUGGAN, JJ., concurred.