Hillsborough-southern judicial district
No. 2009-085

JOANNE RADZIEWICZ & a.

v.

TOWN OF HUDSON

Submitted: September 24, 2009
Opinion Issued: October 20, 2009

Joanne Radziewicz and Peter Radziewicz, by brief, *pro se.*

*Hage Hodes, P.A.,* of Manchester (*David E. LeFevre* on the memorandum of law), for the respondent.

DALIANIS, J. The petitioners, Joanne and Peter Radziewicz, appeal an order of the Superior Court (*Nicolosi,* J.) dismissing, for lack of subject

matter jurisdiction, their appeal from a ruling of the zoning board of adjustment (ZBA) in favor of the respondent, Town of Hudson. *See* RSA 677:4 (2008). We affirm.

The record supports the following relevant facts. The petitioners own property in Hudson. They contest the ZBA's grant of a use variance to the owners of an abutting property permitting it to be used as a multi-family dwelling. On November 8, 2007, the ZBA denied the petitioners' motion for a rehearing. *See* RSA 677:2 (2008). Thirty-two days later, on December 10, 2007, the petitioners appealed to the superior court. *See* RSA 677:4. The town moved to dismiss, arguing that the appeal was untimely and that the court, accordingly, lacked subject matter jurisdiction. *See id.* (allowing for appeal of a ZBA decision to the superior court "within 30 days after the date upon which the [ZBA] voted to deny the motion for rehearing"). The petitioners objected, arguing that because the thirtieth day had fallen on a Saturday, Superior Court Rule 12(1) permitted them to file the appeal on the following Monday. The superior court initially denied the town's motion to dismiss.

On September 29, 2008, the parties attended a hearing on the merits of the petition. The town orally renewed its motion to dismiss for lack of subject matter jurisdiction due to untimely filing. The superior court granted the motion, reasoning that decisions of this court that had been issued since its initial order denying the motion dictated that "failure to comply with a statutory timeframe deprive[d] . . . [it] of appellate jurisdiction." This appeal followed.

The petitioners first argue that the trial court erred by reversing its earlier denial of the town's motion to dismiss. Specifically, they claim that superior court rules barred the trial court from reconsidering the issue because the town did not file a motion for reconsideration or request a hearing when the initial order denying the motion was issued.

The trial court has the power to reconsider an issue until final judgment or decree. *Goudreault v. Kleeman*, 158 N.H. 236, 249 (2009). In addition, "the issue of subject matter jurisdiction may be raised at any time in the proceedings because jurisdiction cannot be conferred where it does not already exist." *Route 12 Books & Video v. Town of Troy*, 149 N.H. 569, 575 (2003). "The superior court has no discretion when dealing with statutory time requirements that confer jurisdiction." *Id.* Accordingly, the town was not required to file a motion for reconsideration or to request a hearing, and the trial court did not err in revisiting its earlier ruling.

Next, the petitioners argue that they timely filed their appeal to the superior court because the thirtieth day from the ZBA's denial of their motion for rehearing fell on a Saturday, and that, accordingly, Rule 12(1)

extended the deadline to the following Monday. The petitioners concede that RSA 677:4 mandates that appeals be filed within thirty days in order to establish jurisdiction in the superior court, and that they failed to comply with this deadline. Nonetheless, they argue that the provisions of Rule 12(1) control.

Rule 12(1) provides:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by applicable law, . . . [t]he last day of the period so computed shall be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period shall extend until the end of the next day that is not a Saturday, Sunday, or a legal holiday . . . .

The trial court ruled that notwithstanding Rule 12(1), the plain language of RSA 677:4 does not allow for filing an appeal beyond thirty days when the thirtieth day falls on a Saturday. We agree.

The interpretation and application of RSA 677:4 is a question of law, which we review *de novo*. *See Upton v. Town of Hopkinton*, 157 N.H. 115, 118 (2008). In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of a statute considered as a whole. *Id.* When examining the language of a statute, we ascribe the plain and ordinary meaning to the words used. *Id.* at 118-19. We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.* at 119.

In construing other sections of RSA chapter 677 containing similar provisions, we have held that parties must comply with the required statutory timelines to establish jurisdiction in the superior court. For example, we have held that "strict compliance with the thirty-day filing deadline of RSA 677:15, I, is required to vest the trial court with jurisdiction." *Atwater v. Town of Plainfield*, 156 N.H. 265, 267 (2007). We have also held that under RSA 677:3, I (2008), "compliance with the deadline is a necessary prerequisite to establishing jurisdiction and failure to timely move for rehearing divests the superior court of subject matter jurisdiction." *Cardinal Dev. Corp. v. Town of Winchester Zoning Bd. of Adjustment*, 157 N.H. 710, 712 (2008). The same rule applies here. RSA 677:4 vests jurisdiction in the superior court for appeals of ZBA decisions only if a petition is filed "within 30 days after the date upon which the [ZBA] voted to deny the motion for rehearing."

We addressed a similar issue in *Dermody v. Town of Gilford*, 137 N.H. 294 (1993). In that case, the petitioners filed an appeal in the superior court

thirty-one days after a decision of the Gilford Planning Board. The applicable statute, however, required that they file their petition "within 30 days after the filing of the decision." *Dermody*, 137 N.H. at 295 (quotation and emphasis omitted). The petitioners argued that the superior court had the discretion to allow their petition because their noncompliance with the deadline resulted from "accident, mistake or misfortune," the standard by which the superior court could, at that time, waive the strict application of its rules. *Id.* at 296-97; *see* SUPER. CT. R. Preface (amended 1999). We disagreed, holding that

> [s]tatutory time requirements relative to the vesting of jurisdiction . . . must be distinguished from the superior court's own procedural rules. While the superior court has the discretion to apply its concept of accident, mistake or misfortune in some other contexts, the court cannot use this concept to establish jurisdiction in the superior court in the first instance.

*Dermody*, 137 N.H. at 296-97 (citation omitted).

The same reasoning applies to this case, and we agree with the trial court's conclusion that the plain meaning of the statute, and not Rule 12(1), governs the petitioners' appeal. Compliance with the thirty-day filing deadline was a necessary prerequisite to establishing jurisdiction in the superior court. Because the petitioners' appeal was not filed within thirty days, the superior court never had jurisdiction, and could not rely upon Rule 12(1) to establish jurisdiction that did not exist in the first instance.

The petitioners next argue that their petition was timely filed based upon *H I K Corporation v. Manchester*, 103 N.H. 378, 381 (1961). In that case, the deadline at issue fell on a Sunday, and we held that a motion filed the next business day was timely. *H I K Corporation*, 103 N.H. at 381. Our reasoning, however, was based upon the common law "recognized principle that when the terminal day of a time limit falls upon Sunday that day is to be excluded from the computation." *Id.* This recognized principle arose from statutes in existence at that time "prohibiting the performance of work and labor and the transaction of business on Sunday," and because Sunday was "generally recognized as a dies non juridicus," a day on which no judicial act or proceeding could be carried out. 86 C.J.S. *Time* § 14(2), at 880 (1954). We know of no comparable recognized principle in the common law with regard to Saturday deadlines, and the petitioners point to none.

Finally, the petitioners argue that "[e]ntertaining the Town of Hudson's last-minute, oral Motion To Dismiss deprived the Petitioners of due process of law and fundamental fairness pursuant to the New Hampshire and United States Constitutions." They cite no particular

provisions of either constitution and do not develop this argument further. We have repeatedly stated that judicial review is not warranted for complaints regarding adverse rulings without developed legal argument, and neither passing reference to constitutional claims nor off-hand invocations of constitutional rights without support by legal argument or authority warrants extended consideration. *Guy v. Town of Temple*, 157 N.H. 642, 658 (2008). We therefore decline to address this argument further.

We note that after the petitioners' appeal was filed in the trial court, RSA 21:35, II (Supp. 2008) (amended 2008) was amended to specifically permit statutory filing deadlines which fall on a Saturday to automatically extend to the next business day. *See* Laws 2008, 11:1. The petitioners contend that this amendment "is a clear indication that [the legislature] would support the Petitioners' plea for application of Superior Court Rule 12(1)" to the circumstances of their case. We disagree. As stated above, superior court procedural rules cannot establish subject matter jurisdiction for an appeal from a ZBA decision where it is already lacking. Moreover, in deciding the case before us, we are bound by the statute in effect at the time of the petitioners' filing deadline.

*Affirmed.*

BRODERICK, C.J., and DUGGAN, HICKS and CONBOY, JJ., concurred.