Rockingham
No. 2012-394

STEVE TREFETHEN & a.

v.

TOWN OF DERRY

Submitted: February 7, 2013
Opinion Issued: April 12, 2013

Steve and Laura Trefethen, self-represented parties, by brief.

*Boutin & Altieri, P.L.L.C.*, of Londonderry (*Edmund J. Boutin* and *Lynne Guimond Sabean* on the brief), for the Town of Derry.

BASSETT, J. The petitioners, Steve and Laura Trefethen, appeal an order of the Superior Court (*Wageling*, J.) dismissing their appeal from a ruling of the Town of Derry Zoning Board of Adjustment (ZBA) for lack of subject matter jurisdiction. *See* RSA 677:4 (Supp. 2012). We reverse and remand.

The trial court's order and the appellate record support the following relevant facts. The petitioners own property in Derry. On November 18, 2010, the ZBA granted a special exception to the lessee of abutting property permitting the property to be used as a day care facility. The petitioners timely moved for rehearing, which the ZBA denied on January 6, 2011.

On Monday, February 7, the petitioners filed an appeal in the superior court. The superior court dismissed the petitioners' appeal for lack of subject matter jurisdiction, ruling that RSA 677:4 required the petitioners to file their appeal no later than Saturday, February 5, thirty days after the ZBA voted to deny the motion for rehearing. The court concluded that the petitioners' appeal was not timely because it was filed thirty-two days after the ZBA's vote. The court relied upon *Radziewicz v. Town of Hudson*, 159 N.H. 313 (2009), in ruling that RSA 21:35, II (2012) did not extend the time for filing an appeal under RSA 677:4, and, therefore, it did not have jurisdiction over the petitioners' appeal. A motion to reconsider was denied, and this appeal followed.

On appeal, the petitioners argue that their appeal to the superior court was timely filed, and the trial court erred in dismissing their action. They contend that RSA 21:35, II allowed them to file their appeal on Monday, February 7, since the thirty-day filing deadline under RSA 677:4 fell on Saturday, February 5. We agree.

The interpretation and application of RSA 677:4 and RSA 21:35, II is a question of law, which we review *de novo*. See *Radziewicz*, 159 N.H. at 316. In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of a statute considered as a whole. *Id.* When examining the language of a statute, we ascribe the plain and ordinary meaning to the words used. *Id.* We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. *Id.*

RSA 677:4 provides, in pertinent part: "Any person aggrieved by any order or decision of the zoning board of adjustment or any decision of the local legislative body may apply, by petition, to the superior court within 30 days after the date upon which the board voted to deny the motion for rehearing." In construing RSA 677:4, we have held that a petitioning party must comply with the thirty-day filing deadline to vest subject matter jurisdiction in the superior court. See *Radziewicz*, 159 N.H. at 316-17; *cf. Dermody v. Town of Gilford*, 137 N.H. 294, 296 (1993) (RSA 677:15 requires petitioner to adhere to thirty-day deadline in order to vest superior court with subject matter jurisdiction over a planning board appeal).

RSA 21:35, II provides: "If a statute specifies a date for filing documents or paying fees and the specified date falls on a Saturday, Sunday, or legal holiday, the document or fee shall be deemed timely filed if it is received by the next business day." RSA 21:1 (2012) states that the rules set forth in RSA chapter 21 shall apply to the "construction of *all* statutes . . . unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the same

statute." (Emphasis added.) RSA 677:4 does not contain language manifesting the legislature's intent to exclude it from the operation of RSA 21:35, II. Nor is RSA 21:35, II repugnant to the context of RSA 677:4. Accordingly, under the plain language of RSA 21:35, II, if the thirty-day filing deadline set forth in RSA 677:4 falls on a weekend or legal holiday, the deadline is extended to the next business day. Here, the thirty-day deadline fell on Saturday, February 5. Therefore, by operation of RSA 21:35, II, the deadline was extended until Monday, February 7.

■ The Town argues that we should consider the legislative history of RSA 21:35, II because the statute is ambiguous, and the legislative history makes it clear that the statute was intended to apply only to "filing corporate documents with the state and paying any corresponding fees." However, because the statute's language is plain and unambiguous, we decline the Town's invitation. *Sutton v. Town of Gilford*, 160 N.H. 43, 54 (2010) ("When a statute's language is plain and unambiguous, we need not examine its legislative history.").

The Town also asserts that our decision in *Radziewicz* compels a different result, arguing that *Radziewicz* "stands for the . . . proposition that the clear language of RSA 677:4 does not allow for a ZBA appeal after 30 days, because the jurisdictional window has closed." However, *Radziewicz* is distinguishable because, at the time that it was decided, RSA 21:35, II had not yet gone into effect. In that case, the petitioners filed an appeal to the superior court thirty-two days after the ZBA voted to deny a rehearing. *Radziewicz*, 159 N.H. at 315. As in this case, the thirty-day deadline fell on a weekend. *Id.* In upholding the superior court's dismissal for lack of subject matter jurisdiction, we held that Superior Court Rule 12(1), which extends a deadline to the next business day if the deadline falls on a Saturday, Sunday, or legal holiday, could not be used to establish jurisdiction under RSA 677:4. *Id.* at 316-17. We stated that "statutory time requirements relative to the vesting of jurisdiction must be distinguished from the superior court's own procedural rules" and that the court's procedural rules could not be used to "establish jurisdiction that did not exist in the first instance." *Id.* at 317 (quotation, brackets, and ellipses omitted). In *Radziewicz*, we noted that RSA 21:35, II had been recently enacted by the legislature but had not yet gone into effect. *Id.* at 318. We further observed that "in deciding the case before us, we are bound by the statute in effect at the time of the petitioners' filing deadline." *Id.* Here, we are again bound by the statute in effect at the time of the petitioners' filing deadline. The statute in effect in February 2011 was RSA 21:35, II; thus, a different result obtains, and we hold that the appeal was timely filed.

Finally, the Town argues that pursuant to *Bosonetto v. Town of Richmond*, 163 N.H. 736 (2012), subject matter jurisdiction may not attach where there has not been compliance with filing requirements under RSA chapter 677. *Bosonetto*, however, is inapposite. *Bosonetto* addressed the timeliness of a motion for rehearing filed with the ZBA pursuant to RSA 677:2 (2008). *Bosonetto*, 163 N.H. at 741. Not only did the deadline in that case fall on a weekday, rather than a Saturday, as in this case, but the dispositive issue was when the statutory thirty-day period *began* to run, rather than when the statutory thirty-day period ended. *Id.* at 741-42.

Because we hold that the petitioners' appeal was timely filed in the superior court, we need not address the petitioners' remaining arguments regarding the timeliness of the ZBA's issuance of the notice of decision and the meeting minutes.

*Reversed and remanded.*

DALIANIS, C.J., and HICKS, CONBOY and LYNN, JJ., concurred.