Rockingham
No. 2012-570

HOUSTON HOLDINGS, LLC

v.

CITY OF PORTSMOUTH

Submitted: September 19, 2013
Opinion Issued: October 9, 2013

*Flynn & McGee, P.A.,* of Portsmouth (*John P. McGee, Jr.* on the brief), for the plaintiff.

*Suzanne M. Woodland,* assistant city attorney, by brief for the defendant.

HICKS, J. The defendant, City of Portsmouth (City), appeals a jury verdict awarding $128,111 as just compensation for the defendant's taking by eminent domain of easement rights in property of the plaintiff, Houston Holdings, LLC (Houston). The defendant challenges the Superior Court's (*Wageling,* J.) ruling on a motion *in limine* and the Superior Court's (*Delker,* J.) denial of a motion to set aside the verdict. We affirm.

The record supports the following facts. On June 24, 2009, the City filed a declaration of taking with the New Hampshire Board of Tax and Land Appeals (BTLA) for the acquisition of an approximately 1,922 square-foot permanent easement and an approximately 1,244 square-foot temporary easement over property owned by Houston in Portsmouth. The property was taken as part of the Bartlett-Islington Sewer Separation Project.

In October 2010, the BTLA held a two-day "just compensation" hearing, *see* RSA 498-A:25 (2010), at which it heard testimony and received documentary evidence including appraisals submitted by the parties. The City's appraiser, Dale Gerry, of Shurtleff Appraisal Associates, Inc., estimated the damages from the taking to be $18,500. Houston, on the other hand, introduced an appraisal from The Stanhope Group LLC that estimated total damages to be $125,100.

The BTLA issued a report finding total just compensation for both the permanent and temporary easements to be $27,000. *See* RSA 498-A:26 (2010). Houston appealed to the superior court, and a jury trial was held in June 2012. *See* RSA 498-A:27 (2010). Prior to trial, the City filed a motion *in limine* seeking to admit the BTLA report. The trial court denied the motion. At the end of trial, the jury returned a $128,111 verdict in Houston's favor. The City moved to set aside the verdict, arguing that the court's "decision to exclude the BTLA's decision was in error, the result of which can be seen by the jury's excessive verdict." The court denied the motion, and the City now appeals. *See* RSA 498-A:28 (2010).

The City argues that the BTLA report should have been admitted into evidence "[a]s a matter of law," or, alternatively, that exclusion of the report constitutes an unsustainable exercise of the trial court's discretion. "We review the trial court's rulings on admissibility of evidence for an unsustainable exercise of discretion, reversing only if the rulings are clearly untenable or unreasonable to the prejudice of the [City's] case." *Daly v. State,* 150 N.H. 277, 285 (2003) (quotation omitted).

The City bases its first argument upon RSA 498-A:27, which provides, in part:

> Any party, condemnee or condemnor aggrieved by the amount of compensation awarded by the [BTLA] may, within 20 days after the filing of the report of the [BTLA], and not afterwards (unless for good cause shown the superior court extends such time), file in the superior court a petition *to have the damages reassessed,* and the court shall assess the damages by jury, or by trial without jury if jury trial is waived, and award costs to the prevailing party. The trial in such case shall be de novo.

RSA 498-A:27 (emphasis added). Asserting that the term "reassess" means "to assess (something) again" or to "re-evaluate," (quotations omitted), the City argues that "it is impossible for the jury to 'reassess' the damages if the initial assessment of damages by the BTLA was never put into evidence in contravention of the plain meaning of the statute." Houston counters that the City's interpretation is inconsistent with the legislature's explicit provision for a trial *de novo. See* RSA 498-A:27.

"In matters of statutory interpretation, we are the final arbiters of the legislature's intent as expressed in the words of a statute considered as a whole. When examining the language of a statute, we ascribe the plain and ordinary meaning to the words used." *Trefethen v. Town of Derry,* 164 N.H. 754, 755 (2013) (citation omitted).

■ ■ The statute says nothing directly about the admissibility of the BTLA report, and we are not persuaded that the legislature's use of the term "reassessed" was intended to mandate its admission. Rather, we agree with Houston that, given the provision for a trial *de novo,* the BTLA report "had no place in the appeal of that Board's decision." As Houston notes, our cases make clear that a matter heard *de novo* is decided anew, without deference to the prior decision. *See Town of Hinsdale v. Town of Chesterfield,* 153 N.H. 70, 73 (2005); *In re Juvenile 2002-511-A,* 149 N.H. 592, 594 (2003). A hearing *de novo* is "conducted as if the original hearing had not taken place." *In re Juvenile 2002-511-A,* 149 N.H. at 594 (quotation omitted).

■ We agree with the court in *Millers' Indemnity Underwriters v. Hughes,* 256 S.W. 334 (Tex. Civ. App. 1923), which addressed the admissibility of a tribunal's decision in a proceeding reviewing that decision *de novo:*

> Where cases are appealed from one tribunal to another, and the law provides that the trial in the one to which the appeal is taken shall be de novo, the findings of the lower tribunal are not admissible as evidence to establish any contested fact in the appellate tribunal. The question there stands for trial as though it

had never been tried, and the party upon whom the burden of proof rests must establish his case by evidence aliunde the findings below.

*Millers' Indemnity Underwriters*, 256 S.W. at 335. Accordingly, we conclude that RSA 498-A:27 does not support the City's contention that the BTLA report should have been admitted as a matter of law.

The City next argues that the trial court's exclusion of the BTLA report constituted an unsustainable exercise of discretion. The City contends that the trial court "should have acknowledged the probative value of the report in light of the complexity of the issues" and the BTLA's expertise, and admitted the report in whole or in part. Quoting New Hampshire Rule of Evidence 403, it further asserts that the BTLA report's "significant" probative value was "not outweighed by 'the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration[s] of undue delay, waste of time, or needless presentation of cumulative evidence.' "

■■ The City's invocation of Rule 403 assumes that the BTLA report is relevant. *See* N.H. R. Ev. 403 ("Although relevant, evidence may be excluded if . . . ."). Our cases demonstrate, however, that it is not. *Arlington Mills v. Salem*, 83 N.H. 148 (1927), for instance, involved an appeal to the trial court from the refusal of the town selectmen to abate taxes the town had assessed. *See Arlington Mills*, 83 N.H. at 154. At trial, a town selectman testified "not as an expert but merely as one of the assessing officials," and "was permitted to state certain details of the assessment." *Id.* at 159 (quotation omitted). We ordered a new trial, stating in relevant part:

Since the hearing before the [trial court] was in the broadest sense of the term a new trial, to which the plaintiff was entitled as of right, the former finding was *immaterial*. The statement amounted to nothing more or less than evidence of the conclusion of one tribunal upon a question of fact, to influence another tribunal having a similar question before it to find the fact in the same way. That such testimony is *incompetent* is settled by the repeated decisions of this court.

*Id.* (emphases added) (quotation and ellipses omitted). As the exclusion of immaterial and incompetent evidence is not an unsustainable exercise of discretion, we find no error here. *See* N.H. R. Ev. 402 (irrelevant evidence not admissible).

*Affirmed.*

DALIANIS, C.J., and CONBOY and BASSETT, JJ., concurred.