**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0139, <u>Walter W. Cheney v. Town of Newmarket</u>, the court on January 9, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Walter W. Cheney, appeals the order of the Superior Court (<u>Delker</u>, J.) granting, in part, the motion for summary judgment filed by the respondent, the Town of Newmarket (town).  He argues that the court erred in denying him a building permit.  We will uphold the superior court's decision unless it is not supported by the evidence or is legally erroneous.  <u>1808 Corp. v. Town of New Ipswich</u>, 161 N.H. 772, 775 (2011).

The record shows that on February 19, 2009, the petitioner applied for a building permit to construct a single-family residence at 51 Cushing Road, Lot 13 in the town's Moody Point subdivision.  On March 16, 2009, the town's building official denied the application on the basis that "Lot 13 is unbuildable open space."  On April 1, 2009, the petitioner appealed the official's decision to the town's Zoning Board of Adjustment (ZBA).  On May 18, 2009, the ZBA postponed consideration of the appeal because litigation was pending in the superior court involving the ownership of Lot 13.  On August 6, 2012, after the litigation had resolved the ownership issue in the petitioner's favor, the ZBA dismissed his appeal for lack of jurisdiction.  On September 4, 2012, the petitioner moved for a rehearing.  On September 17, 2012, the ZBA denied the rehearing request.  On October 23, 2012, 36 days after the ZBA's denial, the petitioner filed an appeal from the ZBA's decision in the superior court.

On January 24, 2013, the town moved to dismiss the appeal as untimely.  On February 4, 2013, the town filed an answer and counterclaims seeking to enforce the building restrictions imposed on Lot 13 as part of its November 12, 1985 approval of the Moody Point subdivision.  On March 15, 2013, the court dismissed the appeal, ruling that the 30-day period for filing an appeal from the ZBA's denial of the rehearing request was jurisdictional.  <u>See</u> RSA 677:4 (Supp. 2014); <u>see</u> <u>also</u> <u>Radziewicz v. Town of Hudson</u>, 159 N.H. 313, 316 (2009) (compliance with 30-day deadline in RSA 677:4 is a necessary prerequisite to establishing jurisdiction).  The court noted, however, that the town's counterclaims needed to be resolved.  On July 10, 2013, the town moved for summary judgment on its counterclaims, and on January 9, 2014,

the court granted the motion in part, ruling that the town was entitled to enforce the development restrictions on Lot 13 and record the restrictions in the registry of deeds.

On appeal, the petitioner does not challenge the court's dismissal of his appeal for lack of jurisdiction. Instead, he argues that because there are no development restrictions on Lot 13, the court erred in denying him a building permit. The town counters that the issue of whether the petitioner's application for a building permit was properly denied is not preserved for our review because the petitioner failed to timely appeal from the ZBA to the superior court; thus, the only issue preserved for appeal, according to the town, is whether the court erred in granting summary judgment on its counterclaims. Because the court ruled that it lacked jurisdiction over the petitioner's appeal, see Radziewicz, 159 N.H. at 316, a ruling that he does not challenge on appeal and that is correct based upon the undisputed facts in the record, we conclude that the issue of whether the petitioner is entitled to a building permit is not properly before us.

To the extent that the petitioner's brief may be construed to challenge the court's rulings in favor of the town on its counterclaims, we note that the petitioner, as the appealing party, has the burden of demonstrating reversible error. See Gallo v. Traina, 166 N.H. ___, ___ (decided September 12, 2014). Based upon our review of the court's well-reasoned order, the petitioner's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error. See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2